SANDRA CABRINA JENKINS, Judge.
| tThis case arises out of an automobile accident. Seven year-old Gary Swanson, Jr. was hit by a car driven by Mr. Johnny Treadaway on Patterson Drive in New Orleans. Seeking damages, Gary’s mother filed this suit, individually and on behalf of her two minor children (“plaintiff’), against Mr. Treadaway, his insurer, the State of Louisiana Department of Transportation and Development (“LA DOTD”), and the City of New Orleans (“City”). Plaintiffs claims against LA DOTD were dismissed, and plaintiff settled claims against Mr. Treadaway and his insurer. *827 The City remained as the only defendant and it filed a motion for summary judgment in the trial court. The trial court granted the City’s motion for summary judgment and plaintiff now appeals the trial court judgment of October 1, 2012, dismissing all of plaintiff’s claims with prejudice.
Upon de novo review of the motion for summary judgment, we find that genuine issues of material fact still exist and the trial court erred in granting summary judgment in favor of the City. For the following reasons, we reverse the trial court’s judgment of October 1, 2012, and we remand the matter to the trial court for further proceedings.
REACTS AND PROCEDURAL HISTORY
On April 15, 1999, Mr. Treadaway was driving home from work along Patterson Drive in New Orleans. Being familiar with this route, Mr. Treadaway knew there was a large enclosed field along Patterson Road before the intersection with Ernest Street. He did not know that the field was a New Orleans Recreation Department (“NORD”) playground, because he had not previously seen any posted sign or children playing in the field. Mr. Treadaway had noticed only that the chain link fence surrounding the field was covered by overgrown foliage that extended out towards the road.
As Mr. Treadaway drove past the field on Patterson Drive that day, he saw what appeared to be a child riding a bicycle between the fence and the road, but he could only see the child’s head over the grass. Mr. Treadaway slowed down from 35 miles per hour to about 20 miles per hour to drive cautiously past the child. As he passed the child on the bike, a second child emerged from the overgrowth on the side of the road and ran onto the road in front of his van. Mr. Treadaway turned quickly to the left and slammed on his brakes but was unable to avoid hitting the seven-year-old child, Gary Swanson, Jr. Gary suffered severe head trauma and other injuries as a result of the accident.
Plaintiff, Gary’s mother on behalf of herself and her two children, filed suit against Mr. Treadaway, his insurer, the City, and LA DOTD claiming that the negligent acts of these defendants caused the accident resulting in severe injuries to Gary Swanson, Jr. and pain and suffering for all three. In regards to the negligence of the City and LA DOTD, plaintiff specifically contended that these defendants failed to inspect and maintain the shoulder of the road by not keeping the foliage Rtrimmed next to the playground on Patterson Drive to allow for drivers to see children in the area.
After demonstrating that it did not have custody and control over the road and area involved in the accident, LA DOTD was dismissed from this lawsuit. Plaintiff maintained that the City had custody and control over the shoulder of the road where the accident occurred, the NORD playground, and the fence around the playground.
After LA DOTD was dismissed from the suit and plaintiff settled the claims against Mr. Treadaway and his insurer, plaintiff filed a motion for summary judgment against the City. Plaintiff, however, did not appear at the motion hearing and the trial court dismissed plaintiffs motion for summary judgment. Subsequently, the City filed its own motion for summary judgment. The City attached the deposition testimony of Mr. Treadaway to the motion for summary judgment to support its claim that the plaintiff had no factual support to prove that the overgrowth surrounding the playground and fence along Patterson Drive caused the accident. The trial court *828 held a hearing on the City’s motion at which both parties presented arguments, predominantly relying on Mr. Treadaway’s deposition testimony. At the conclusion of the hearing, the trial court granted the City’s motion for summary judgment and dismissed plaintiffs claims against the City with prejudice. It is from this judgment that the plaintiff now appeals.
DISCUSSION
Standard of Review
Appellate courts review a trial court’s grant of summaiy judgment de novo using the same standard applied by the trial court in deciding the motion for summary judgment, i.e., whether there is a genuine issue of material fact and | ¿whether the mover is entitled to judgment as a matter of law. Schultz v. Guoth, 10-0343, p. 6 (La.1/19/11), 57 So.3d 1002, 1005-06 (citing Samaha v. Rau, 07-1726, pp. 3-4 (La.2/26/08), 977 So.2d 880, 882-83). The judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, and affidavits show there is no genuine issue of material fact. La. C.C.P. art. 966(B)(2). Where the mover does not bear the burden of proof at trial on the matter before the court, the mover need not negate all essential elements of the adverse party’s claim, action, or defense; rather, the mover must point out to the court that there is an absence of factual support for one or more essential elements of the claim. La. C.C.P. art. 966(C)(2); See Graubarth v. French Market Corp., 07-0416, p. 2 (La.App. 4 Cir. 10/24/07), 970 So.2d 660, 663. At that point, the party who will bear the burden of proof at trial must present sufficient evidence to demonstrate that he or she will be able to carry that burden at trial. “[T]he failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion.” Schultz, 10-0343, p. 7, 57 So.3d at 1006 (quoting Wright v. Louisiana Power & Light, 06-1181, p. 16 (La.3/9/07), 951 So.2d 1058, 1069-70); see also, La. C.C.P. art. 966(C)(2).
To overcome a motion for summary judgment, the non-moving party must demonstrate to the trial court that a genuine issue of material fact remains. An issue is genuine if reasonable persons could disagree; if reasonable persons could reach only one conclusion from the evidence presented, then there is no need for a trial on that issue. Smith v. Our Lady of the Lake Hosp., Inc., 93-2312, p. 27 (La.7/5/94), 639 So.2d 730, 751. In determining whether an issue is genuine and should proceed to trial, the trial court cannot consider the merits of the case, make credibility determinations, evaluate testimony or weigh the evidence. Id. Based on [¿the evidence and arguments before the court on the motion for summary judgment, the trial court determines whether genuine issues of material facts remain in dispute for the fact finder to consider. Facts are material when “they potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute.” Id. (quoting South Louisiana Bank v. Williams, 591 So.2d 375, 377 (La.App. 3d Cir.1991).) Any doubt as to a dispute over material facts must be resolved against granting the summary judgment and in favor of trial on the merits. FMC Enterprises, L.L.C. v. Prytania-St. Mary Condominiums Assn., Inc., 12-1634, pp. 6-7 (La.App. 4 Cir. 5/15/13), 117 So.3d 217, 222-23.
Law and Analysis
In the sole assignment of error, plaintiff contends that the trial court erred in finding there were no disputed material issues of fact. In granting the City’s motion for summary judgment, the trial court *829 found the plaintiff would not be able to establish the necessary elements to prove that the City’s failure to maintain the foliage between the road and the playground fence was a cause of the accident.
In our review of the trial court’s grant of summary judgment, we must determine whether the City established that there was an essential lack of factual support for the plaintiffs claim that the City’s conduct was a cause in fact of the accident; or whether the plaintiff made a showing that a genuine issue of material fact still exists and would be sufficient to establish the necessary burden of proof at trial.
To establish the City’s liability for damages in this case, plaintiff would proceed under a theory of negligence pursuant to the statutory limitation of liability for public entities in La. R.S. 9:2800. When the thing causing damage is under the custody or control of a public entity, the public entity’s liability is statutorily ] (¡limited by La. R.S. 9:2800, which requires proof that the public entity had actual or constructive knowledge of the defect before the entity can be held liable.[1] See Henderson v. Nissan Motor Corp., 03-606 (La.2/6/04), 869 So.2d 62, 66; Clarkston v. Louisiana Farm Bureau Cas. Ins. Co., 07-158, p. 21 (La.App. 4 Cir. 7/2/08), 989 So.2d 164, 181.
Thus, to carry their burden of proof at trial and establish the City’s liability, the plaintiff must prove that (1) the City had custody or control over the fence and area overgrown with foliage alongside Patterson Drive; (2) the condition of the fence and overgrown foliage was defective and created an unreasonable risk of harm; (3) the City had actual or constructive notice of this defective condition and did not take steps to correct it; and (4) the defective condition was a cause in fact of the accident.
In its motion for summary judgment, the City did not present any evidence or argument that plaintiff could not establish the first three elements of liability. The City argued only that the plaintiff would be unable to prove the fourth element of liability, i.e., that the condition of the fence and foliage was a cause in fact of the accident, because Mr. Treadaway’s actions were the sole cause of the accident. Citing and relying on Mr. Treadaway’s deposition testimony, the City claimed that he was aware of the presence of children in the road and he had the sole responsibility to exercise the highest degree of care to avoid injuring those children. The City contended that the plaintiff could not produce any factual |7support to prove that the condition of the fence and foliage was a substantial factor in bringing about the accident. In countering the City’s argument, plaintiff also cited Mr. Treadaway’s testimony and argued that his testimony supported the plaintiffs claim that the overgrown foliage along Patterson Drive was a substantial factor in causing the accident.
Both parties argued that Mr. Treada-way’s testimony would establish whether or not the overgrown foliage was a sub *830 stantial factor and cause in fact of the accident. The City cited Mr. Treadaway’s statement that he had seen a child riding a bicycle on the side of the road and he began to slow down. The City argued that, even if the foliage had been lower or less overgrown along the side of the road, the accident would still have occurred because Mr. Treadaway did not take every precautionary measure to avoid injury to children in the area, such as bringing his car to a stop until he could determine that no children were entering the street. In opposition, plaintiff referred the trial court to Mr. Treadaway’s statement that he believed he would have been able to see Gary Swanson, Jr. and avoid hitting him if the foliage had been cut back; but Mr. Tread-away stated that, even in hindsight of that day, he did not believe he could have done anything differently to avoid the accident.
The question of cause in fact of the accident is a question of factual dispute made apparent by Mr. Treadaway’s deposition testimony that both parties cited and attached to the motion for summary judgment. The City did not show that the plaintiff had no factual support to establish the City’s liability. The plaintiff, by contrast, presented law, argument and evidence to demonstrate that she would be able to meet the necessary burden of proof to proceed to trial. Specifically in opposition to the City’s only argument on the motion for summary judgment, the Isplaintiff was able to highlight specific facts that presented a genuine issue of material fact. A reasonable fact finder could determine, based on the evidence presented, that the overgrown foliage that the City failed to maintain was a cause in fact of the accident.
At the hearing on the motion for summary judgment, the trial court made an impermissible finding of fact when it stated that it did not find the foliage to be a substantial factor in bringing about the accident. Rather than finding that the City had shown the plaintiff’s claims lacked all factual support and the plaintiff had not met her burden of proof, the trial court made statements in terms of weighing the evidence and factual determination. We find that the trial court erred by making a factual determination based on an evaluation of Mr. Treadaway’s deposition testimony and the parties’ arguments on the issue of cause in fact. “Whether the defendant’s conduct was a substantial factor in bringing about the harm, and thus, a cause in fact of the injuries, is a factual question to be determined by the fact finder.” Bonin v. Ferrellgas, Inc., 03-3024, p. 6 (La.7/2/04), 877 So.2d 89, 94 (citing Perkins v. Entergy Corp., 00-1372 (La.3/23/01), 782 So.2d 606, 612 and Theriot v. Lasseigne, 93-2661 (La.7/5/94) 640 So.2d 1305, 1310).
Upon review of the record for this motion for summary judgment, we find that the plaintiff has presented sufficient evidence and testimony to carry her burden of proof at trial. We also find there are genuine issues of material fact that preclude granting the motion for summary judgment. The material factual dispute in this case must be weighed and determined by the fact finder at the trial on the merits.
^CONCLUSION
For the foregoing reasons, we find that the trial court erred in granting the City’s motion for summary judgment and we reverse the trial court judgment of October 1, 2012. This case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED

. La. R.S. 9:2800, Limitation of liability for public bodies, provides in pertinent part:
A. A public entity is responsible under Civil Code Article 2317 for damages caused by the condition of buildings within its care and custody ...
C. Except as provided in Subsections A and B of this Section, no person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence and the public entity has a reasonable opportunity to remedy the defect and has failed to do so.
D. Constructive notice shall mean the existence of facts which infer actual knowledge.