SANDRA CABRINA JENKINS, Judge.
|T This matter arises from a civil rights lawsuit filed by Kathleen Bilbe, plaintiff, against defendant, Norman Foster, Director of Finance for the City of New Orleans. Plaintiff asserts that defendant acted outside the scope of his duties in an arbitrary, negligent, or capricious manner and seeks monetary damages as compensation and/or reimbursement for depriving plaintiff of her constitutional rights. After cross motions for summary judgment were filed, the trial court- granted defendant’s motion for summary judgment, and denied plaintiffs motion for summary judgment. Thereafter, the trial court denied plaintiffs motion for new trial. For the following reasons, we affirm -the trial court’s judgments on the motions for summary judgment and motion for new trial.
FACTS AND PROCEDURAL HISTORY
Plaintiff, Kathleen Bilbe, owns immovable property located at 1722 Lark Street in New Orleans, Louisiana (“the Property”) that is subject to ad valorem taxes. Ms. Bilbe purchased the Property in June 2006. Although Ms. Bilbe disputed the amount of ad valorem taxes owed on the Property for the year of 2007, she failed to pay any amount and the taxes proceeded to accumulate interest, penalties, and costs.
LA 2010 .tax bill for- the Property was mailed to Ms. Bilbe in December -2009. The 2010 bill contained $3,578.89 in real estate taxes for the year of 2010, $800.00 in neighborhood fees for the year of. 2010, and $4,545.85 in unpaid taxes from 2007. In February 2010, Ms. Bilbe made a partial payment of $2,500.00 towards the 2007 unpaid taxes, which decreased her tax liar bility to $5,924.74 ($2,045.85 for the remaining 2007 taxes and $8,878.89 for the 2010 taxes and fees). No payments were made towards the 2010 taxes.
In July 2011, Ms. Bilbe received notice indicating that the Property was eligible to be included in the upcoming tax sale because of her delinquent taxes. Ms. Bilbe then paid the total outstanding taxes on July 29, 2011, and the Property never proceeded to, nor was it included in, a tax sale. Neither Ms. Bilbe’s partial payment of her 2007 taxes in February 2010 nor her payment of the total outstanding taxes in July 2011 was made under protest. See La. R.S. 47:2134.
Thereafter, Ms. Bilbe filed the instant lawsuit on July 28, 2012, alleging a civil rights violation against Norman Foster, Director of Finance for the City of New Orleans. Mr. Foster filed exceptions of no cause of action, no right of action, and prescription, which were all overruled. In January 2013, Ms. Bilbe sought to amend her petition to request a juiy trial. The trial court denied the request, which was then upheld by this Court[1] and the Louisi *545 ana Supreme Court.[2] In March 2014, Ms. Bilbe again attempted to amend her petition, this time to clarify; the type of damages prayed for in the original" petition, but this request was denied on June 30, 2014.
| aCross motions for summary judgment were then filed and heard together on September 5, 2014. After hearing arguments from both parties, the trial court rendered judgment on September 22, 2014, granting Mr. Foster’s motion for summary judgment and denying Ms. Bilbe’s motion for summary judgment. On October 3, 2014, Ms. Bilbe filed a motion for new trial. The motion was heard on November 14, 2014, and denied on December 1, 2014. It is from these judgments that Ms. Bilbe now appeals. . ,
LAW AND ANALYSIS
On appeal, Ms. Bilbe asserts fourteen assignments of error for this Court to review; however, we will address the assignments as three separate issues regarding the trial court’s ruling: (1) denying Ms. Bilbe’s second motion to amend the petition; (2) granting Mr. Foster’s motion for summary judgment[3] and denying Ms. Bilbe’s motion for summary judgment; and (3) denying Ms. Bilbe’s motion for new trial.

Second Motion to Amend Petition

On March 10, 2014, Ms. Bilbe filed a second motion to amend the petition attempting to add the particular sections of the Constitution that were allegedly violated, to name Mr. Foster in his official capacity, and to clarify the damages that were originally requested. Mr. Foster filed an opposition to said motion bn April 17, 2014. On June 30, 2014, after a hearing, the trial court denied Ms. Bilbe’s second motion to amend, which Ms. Bilbe argues was error. However, Mr. Foster contends this assignment of error is not properly before this Court because Ms. Bilbe did not timely file an appeal on this ruling.
l/The trial court’s refusal to allow plaintiff to amend her petition is an interlocutory judgment, which is not immediately appealable. La. C.C.P. arts. 1841, 2083. Nevertheless, when an appealable judgment is rendered, the reviewing court can then consider the correctness of the prior interlocutory judgment. Favrot v. Favrot, 10-0986, p. 2, n. 1 (La.App. 4 Cir. 2/9/11), 68 So.3d 1099, 1102 (citations omitted). Thus, contrary to Mr. Foster’s contention, because Ms. Bilbe appealed the trial court’s rulings on the motions for summary judgment, which is a final and appealable judgment, it is appropriate for this Court to review the correctness of the trial court’s denial of Ms. Bilbe’s second motion to amend the petition. Phillips v. Gibbs, 10-0175, p. 4 (La.App. 4 Cir. 5/21/10), 39 So.3d 795, 798 (citing People of Living God v. Chantilly Corp., 251 La. 943, 207 So.2d 752, 753 (1968)).
According to La. C.C.P. art. 1151, “[a] plaintiff may amend his petition without leave of court at any time before the answer thereto is served.” After the answer is served, the petition “may be amended only by leave of court or by written consent of the adverse party.” La. C.C.P. art. 1151. The decision to deny an amendment under La. C.C.P. art. 1151 is within the sound discretion of the trial court and that decision will not be disturbed-on appeal absent an abuse of discretion. Salt Domes, Inc. v. Villere Food Group, Inc., 03-0185, pp. 5-6 (La.App. 4 Cir. 9/24/03), 857 So.2d 1110, 1114 (citing Glover v. Shiflett Transport Services, Inc. *546 et al., 97-2787, p. 4 (La.App. 4 Cir. 5/6/98), 718 So.2d 436, 438).
Ms. Bilbe asserts the trial court erred in denying her second motion to amend the petition because it was only filed one and one-half years after the original petition, it clarified that the case was a civil rights violation, not a tax case as Mr. Foster alleges, and it did not change the posture or nature of the case. Under the facts of this case, these allegations fall short of proving that the trial court 1 ¿abused its discretion in denying the motion. Therefore, this assignment of error lacks merit and we will not disturb the trial court’s ruling denying Ms. Bilbe’s second motion to amend the petition.

Motions for Summary Judgment

Mr. Foster’s motion for summary judgment asserts that Ms. Bilbe will not be able to carry her burden of proof at trial because there are no facts or evidence to contradict that he complied with his duties as tax collector and that he satisfied due process requirements. On the other hand, Ms. Bilbe’s motion for summary judgment alleges that the July 2011 notice of tax sale (“the 2011 Notice”) included untimely taxes from 2007 and thus, Mr. Foster is liable under 42 U.S.C.A. 1983 because he arbitrarily and capriciously abused the tax sale process after the tax privilege expired.
On appeal, our review of summary judgment is de novo, using the same standard applied by the trial court in deciding whether summary judgment is appropriate. Francis v. Union Carbide Corp., 12-1397, pp. 2-3 (La.App. 4 Cir. 5/8/13), 116 So.3d 858, 860 (citing King v. Dialysis Clinic Inc., 04-2116, p. 5 (La.App. 4 Cir. 1/4/06), 923 So.2d 177, 180). Under that standard, a motion for summary judgment shall be granted if the pleadings, .depositions, answers to interrogatories, and affidavits show that there is no genuine issue of material fact. La. C.C.P. art. 966(B)(2). The burden of proof rests with the moving party and all doubts should be resolved in the non-moving party’s favor. Gailey v. Barnett, 12-0830, p. 4 (La.App. 4 Cir. 12/5/12), 106 So.3d 625, 627-28.
Once the mover establishes a pri-ma facie showing that the motion should be granted, the non-moving party shall present evidence to demonstrate genuine material factual issues remain and failure to do so mandates the granting of the | ¿motion. Smith v. Treadaway, 13-0131, p. 4 (La.App. 4 Cir. 11/27/13), 129 So.3d 825, 828 (quoting Schultz v. Guoth, 10-0343, pp. 6-7 (La.1/19/11), 57 So.3d 1002, 1006); see also La. C.C.P. art. 966(C)(2). An issue is genuine if reasonable persons could disagree. Treadaway, 13-0131, p. 4, 129 So.3d at 828 (citing Smith v. Our Lady of the Lake Hosp., Inc., 93-2312, p. 27 (La.7/5/94), 639 So.2d 730, 751). Likewise, facts are material when they “insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute.” FMC Enterprises, L.L.C. v. Prytania-St. Mary Condominiums Ass’n, Inc., 12-1634, p. 6 (La.App. 4 Cir. 5/15/13), 117 So.3d 217, 222 (citing Our Lady of the Lake Hosp., Inc., 93-2512, p. 27, 639 So.2d at 751).
While specific reference to 42 U.S.C.A. 1983 appears nowhere in plaintiffs petition, Ms. Bilbe’s motion for summary judgment and her opposition to Mr. Foster’s motion for summary judgment both aver that her case was brought under this statute. To maintain a civil action for damages under 42 U.S.C.A. 1983,[4] a plain *547 tiff must prove that: (1) the defendant’s conduct occurred under color of state law, and (2) the defendant’s conduct deprived plaintiff of a right secured by the Constitution or a law of the United. States. American Manufacturers Mutual Insurance Company v. Sullivan, 526 U.S. 40, 49-50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999). “However, when an | ^official performs a function integral to the judicial process or a traditional legislative function, the official is absolutely immune from § 1983 liability for acts performed in those capacities.” Lambert v. Riverboat Gaming Enforcement Division, 96-1856, p. 5 (La.App. 1 Cir. 12/29/97), 706 So.2d 172, 176 (citing Moresi v. State Through Department of Wildlife and Fisheries, 567 So.2d 1081, 1084 (La.1990)).
In the present case, it is undisputed that Mr. Foster’s conduct occurred “under color of state law” as he was performing his duties as tax collector. Therefore, the remaining issues for our review concern whether: (1) Ms. Bilbe has shown that Mr. Foster’s conduct deprived her of a right secured by the Constitution or federal law,' and if so, (2) whether Mr. Foster is immune from liability for civil damages.
The 2011 Notice included unpaid taxes from 2007. Ms. Bilbe alleges the inclusion of the 2007 taxes are outside the time period specified by La. R..S. 47:2131, which provides:
Once three years after December thirty-first of the year in which ad valorem taxes are due have passed, except for adjudicated, property, no tax sale shall be conducted with regard to such taxes, provided that the time period shall be suspended by the pendency of any suit which prevents the collection of the taxes, and the time of the suspension shall be excluded from the computation, of the three years.
Mr. Foster has not alleged that the time period was suspended. Thus, Ms. Bilbe argues that Mr. Foster’s inclusion of the 2007 taxes on the 2011 Notice shows an intentional violation of state law, which deprived her of constitutionally protected rights. We do not agree.
1 ¡¿While the 2011 Notice included unpaid taxes for 2007, it also included unpaid taxes for 2010.. Therefore, the Property was eligible for the 2011 tax sale because of the 2010 unpaid taxes. The right to proceed to a tax sale expires three years after the last day of the year in which the taxes were due, however, property taxes do not prescribe. La. Const. art. VII, § 16 (“[t]axes, except real property taxes, and licenses shall prescribe in three years after the thirty-first day of December in the year in which they are due ... ”) (emphasis added). Accordingly, had Ms. Bilbe paid her 2010 taxes timely, the Property would not have been eligible for the 2011 tax sale based solely on her 2007 unpaid taxes, but the obligation to pay those taxes would not have been extinguished just because three years had lapsed.
*548 Moreover, Mr. Foster’s duty, through the Department of Finance, includes notifying property owners of the amount due on their tax bill, as well as notifying property owners of tax sales. Mr. Foster did exactly that in the instant case as he sent notice[5] of the 2010 delinquent taxes to Ms. Bilbe and notice of the intent to sell the Property in the upcoming tax sale. Indeed, the form for notice of delinquency and tax sale deemed sufficient by LA R.S. 47:2153 includes a place for “Total Statutory Impositions Due.” Thus, Mr. Foster satisfied the due process requirements ánd his inclusion of the 2007 taxes on the 2011 Notice was in good faith and objectively reasonable.
Additionally, Ms. Bilbe points to no facts in the record, whether in defense of Mr. Foster’s motion for summary judgment or in support of her own, from which a fact-finder could conclude, or even infer, that Mr. Foster misled her into thinking that she could not pay her 2010 ad valorem taxes without also paying the j 3outstanding balance of her 2007 ad valorem taxes. That is, Ms. Bilbe points to no facts which suggest that she was deceived by Mr. Foster into thinking that she could not prevent the sale of tax title to her property by paying the 2010 ad valorem taxes, without also paying the remainder of her 2007 tax bill.
When the evidence submitted leaves no relevant, genuine factual issues such that reasonable minds must definitively conclude that the mover is entitled to judgment on the facts before the court, a motion for summary judgment shall be granted. See Smith v. Casino- New Orleans Casino, 12-0292, p. 6 (La.App. 4 Cir. 10/3/12), 101 So.3d 507, 511 (quoting Blackledge v. Font, 06-1092, p. 6 (La.App. 1 Cir. 3/23/07), 960 So.2d 99, 102). Thus, based on our de novo review of this record, we conclude that Ms. Bilbe will be unable to satisfy her burden of proof at trial as she offered no evidence to show that Mr. Foster acted in an arbitrary, capricious, or negligent manner. Accordingly, we find no genuine issues of fact remain and no merit to this argument.

Motion for New Trial

In her final assignment of error, Ms. Bilbe asserts the trial court erred in denying her motion for new trial, which she filed in response to the rulings on the motions for summary judgment.
We review a ruling on a motion for new trial under an abuse of discretion standard. Martin v. Heritage Manor S. Nursing Home, 00-1023, p. 6 (La.4/3/01), 784 So.2d 627, 632 (citing Joseph v. Broussard Rice Mill, Inc., 00-0628, p. 15 (La.10/30/00), 772 So.2d 94, 104). Under La. C.C.P. art.1972(1), the granting of a new trial is mandatory if “the verdict or judgment appears clearly contrary to the law and the evidence.” Thus, when the trial judge is convinced by his exami nation of hnthe facts that the judgment would result in a miscarriage of justice, a new trial shall be granted. Rivet v. State, Department of Transportation & Development, 01-0961, p. 5 (La.11/28/01), 800 So.2d 777, 781 (citations omitted). Although the ruling on a motion for new trial rests within the wide discretion of the trial court, that discretion is not indefinite as it must be exercised with considerable caution. Id. (citations omitted). Accordingly, a judgment should be set aside when it is not supported by any fair interpretation of the evidence. Guillory v. Lee, 09-0075, p. 38 (La.6/26/09), 16 So.3d 1104, 1131 (quoting Davis v. Wal-Mart Stores, Inc., 00-0445, p. 10 (La.11/28/00), 774 So.2d 84, 93).
*549 In consideration of these principles, and based upon our thorough review of the evidence in the record,- we find no abuse of discretion in the trial court’s ruling denying the motion for new trial. Ms. Bilbe simply states that the trial court’s judgment was clearly contrary to the law and evidence, but fails to offer any authority to support her position. Without any evidence, her self-serving allegations fail to show that genuine factual issues exist that justify a new trial. Therefore, we find no merit to this assignment of error.
DECREE
For the foregoing reasons, the trial court’s judgment of June 30, 2014 denying Ms. Bilbe’s second motion to amend the petition; the judgment of September 22, 2014 granting Mr. Foster’s motion for summary judgment and denying Ms. Bil-be’s motion for summary judgment; and the judgment of December 1, 2014 denying Ms. Bilbe’s motion for new trial, are hereby affirmed. -
AFFIRMED.

. Bilbe v. Foster, unpub., 13-0472 (La.App. 4 Cir. 4/23/13).

. Bilbe v. Foster, 13-1188 (La.8/30/13), 120 So.3d 271.

. Notably, Ms. Bilbe alleges eleven assignments of error as to this ruling.

. 42 U.S.C.A. 1983 provides:
Every person who, under color of any statute, ordinance, regulation, custom, or *547 usage, of any State or Territory or the District of Columbia, subjects, or causes to.be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer’s judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia,

. The fact that Ms. Bilbe received the 2011 Notice remains undisputed.