LOBRANO, J.,
dissents with reasons.
hi respectfully dissent. I would reverse the district court’s grant of summary judgment and remand this case for trial on the merits.
Ms. Ducote alleges, inter alia, that Mr. Boleware had a duty to maintain proof of current rabies vaccination of his cat. I disagree with the majority’s opinion that this duty to maintain proof imposed on Mr. Boleware, as a cat owner, arises only after his cat’s first bite or scratch applying a “first bite” scienter element of a negligence cause of action against an animal’s owner under La. C.C. art. 2321. The majority’s opinion improperly found that Mr. Boleware’s cat “gets the first bite free.” A cat with proper and current rabies certification and proof does not ordinarily pose an unreasonable risk of harm and may be allowed to “get the first bite free.” However, the same cannot be said for a cat without proper documentation or tag evidencing current rabies vaccination.
I find that the majority’s opinion misapplied La. C.C. art. 2821 to this particular set of facts, improperly adopted a categorical rule of no liability/no duty defense in all such eases, and confused the duty requirement with the scope of liability or protection requirement under a negligence duty- *948 risk analysis.[1] ^Moreover, I find that genuine issues of material fact remain as to whether Mr. Boleware’s failure to properly tag his cat evidencing that his cat was current on its rabies vaccination and/or Mr. Boleware’s failure to adequately maintain records of his cat’s recent rabies vaccination, in violation of New Orleans Code of Ordinances §§ 18-169[2] and 18-170,[3] were legal causes of Ms. Ducote undergoing anti-rabies treatment. “If a genuine issue of material fact exists, then summary judgment is inappropriate.” Jones v. Buck Kreihs Marine Repair, L.L.C., 2013-0083, p. 2 (La.App. 4 Cir. 8/21/13), 122 So.3d 1181, 1183, citing La. C.C.P. art. 966.
A party seeking a summary judgment is entitled to a favorable judgment only if there is no genuine issue as to a material fact and, thus, the mover is entitled to judgment as a matter of law. Hutchinson v. Knights of Columbus, Council No. 5747, 2003-1533, p. 8 (La.2/20/04), 866 So.2d 228, 234. Where the mover does not bear the burden of proof at trial on the matter before the court, the mover is not required to negate all essential elements of the adverse party’s claim, action, or defense; however, the mover must point out to the court that there is an absence of factual support for one or more essential elements of the claim. Smith v. Treadaway, 2013-0131, p. 4 (La.App. 4 Cir. 11/27/13), 129 So.3d 825, 828.
One of the essential elements a plaintiff must show in establishing a negligence claim is proof that “the defendant’s substandard conduct was a legal cause of the plaintiffs injuries (the scope of liability or scope of protection element).” Lemann v. Essen Lane Daiquiris, Inc., 2005-1095, p. 7 (La.3/10/06), 923 So.2d 627, 633. “The essence of the legal cause inquiry is whether the risk and harm encountered by the plaintiff fall within the scope of protection of the duty.” Haydin v. Crescent Guardian, Inc., 2001-1986, p. 11 (La.App. 4 Cir. 5/15/02), 818 So.2d 1033, 1040.
The Louisiana Supreme Court explained that the “duty issue in the determination of liability in negligence cases is often confused with the scope of liability or scope of protection issue. The former usually questions the existence of a duty, while the latter (which assumes that a duty exists) usually questions whether the plaintiffs injury was one of the risks encompassed by the statute or rule of law which imposed the duty.” Fowler v. Roberts, 556 So.2d 1, 6 (La.1989). The Fowler court noted:
The following method has been suggested for distinguishing between the *949 duty element and the scope of protection element in negligence cases:
“As is often the case with torts puzzles, a view through the prism of trial court procedure points toward a solution. Careful speakers will reserve the formulation, “defendant had no duty,” for situations controlled by a rule of law of enough breadth and clarity to permit the trial judge in most cases raising the problem to dismiss the complaint or award summary judgment for defendant on the basis of the rule. On the other hand, if the case is of a sort such that typically the judge will need to know the details of the occurrence before ruling for defendant—i.e., if the case is of a type that must normally reach the directed verdict (or later) stage before defendant can expect to prevail—then the appropriate formulation is in terms of [scope of protection].”
D. Robertson, W. Powers, Jr. & D. Anderson, Cases and Materials on Torts 161 (1989). The authors therefore submit that the duty element normally comes into question when there is a categorical rule excluding liability as to whole categories of claimants or of claims. See Donaca v. Curry County, 303 Or. 30, 734 P.2d 1339 (1987). On the other hand, the scope of protection element comes in question when there is a fact-sensitive case that may require limitation of the “but for” consequences of the defendant’s substandard conduct.
Fowler v. Roberts, 556 So.2d 1, 6 (La.1989)
[ 4This court has held that “[t]he specific risk issue [-did this defendant have a duty to protect this plaintiff from this risk that occurred in this manner-] is determined at the duty level only in those exceptional situations where there is a ‘categorical rule excluding liability as to whole categories of claimants or claims,’ such as claims for failure to act.” Cowan v. Jack, 2005-0175, p. 16 (La.App. 4 Cir. 12/21/05), 922 So.2d 559, 570 (citing Frank L. Maraist and Thomas Galligan, Louisiana Tort Law § 3-2, 5-2 (1996)). This case does not present a categorical rule of no liability and is not such an exceptional situation. “Determination of the scope of protection issue is not based on a categorical rule, but on a case-by-case decision whether liability should be imposed under the particular circumstances.” Fowler, 556 So.2d at 6 (citing D. Robertson, W. Powers, Jr. & D. Anderson, Cases and Materials on Torts 161 (1989)). When determining the scope of protection, a court “should consider a broad range of social, economic, and moral factors including the cost to the defendant of avoiding the risk and the social utility of the plaintiffs conduct at the time of the accident.” Oster v. Dep’t of Transp. and Dev., State of Louisiana, 582 So.2d 1285, 1289 (La.1991).
Under the facts of this case and in applying La. C.C. art. 2321, the relevant analysis is whether the risk, and harm caused, were within the scope of protection afforded by the applicable City Ordinances. Whether Ms. Ducote’s injury of undergoing anti-rabies treatment was one of the risks encompassed by the local ordinances which imposed the duty to maintain proof of current rabies vaccination and whether Mr. Boleware should have known that his failure to maintain proof could cause such injury are pertinent issues for trial. Thus, whether it was reasonable for Ms. Ducote to undergo anti-rabies treatment before Mr. Boleware’s cat completed quarantine is at issue and disputed in this case.
|aMr. Boleware admits that he could not produce any evidence that his cat was current on its vaccination against rabies.[4] *950 In support of summary judgment, he submits an affidavit of a physician attacking the reasonableness of Ms. Ducote’s actions seeking anti-rabies treatment. Ms. Du-cote, a nurse, attests that she would not have incurred damages for anti-rabies treatment, had Mr. Boleware not failed to furnish evidence of his cat’s current rabies vaccination. Ms. Ducote’s sister, also a nurse, makes similar attestations in an affidavit.
Mr. Boleware has not established, with undisputed facts, an essential lack of factual support for Ms. Ducote’s claim that Mr. Boleware’s conduct, in failing to follow the City Ordinances requiring maintaining proof of current rabies vaccination, was the legal cause of her injuries. Accordingly, Mr. Boleware failed to meet his burden of proof and is not entitled to summary judgment.
The reasonableness of Ms. Dueote’s actions, in undergoing anti-rabies treatment before Mr. Boleware’s cat completed quarantine, should be an issue for trial. See Smith, 2013-0131 at p. 4, 129 So.3d at 828 (“[a]ny doubt as to a dispute over material facts must be resolved against granting the summary judgment and in favor of trial on the merits.”).

. In Zimko v. Am. Cyanamid, 2003-0658 (La. App. 4 Cir. 6/8/05), 905 So.2d 465, 482-83, this Court noted that a "no duty” defense in a negligence case is seldom appropriate and should only be applied "when there is a categorical rule excluding liability as to whole categories of claimants or of claims under any circumstances.” Id. (quoting Pitre v. Louisiana Tech. Univ., 95-1466 (La.5/10/96), 673 So.2d 585, 597) (Lemmon, J. concurring).

. New Orleans Code of Ordinances § 18-169 provides, in pertinent part: "It shall be unlawful for any person to own, keep, maintain, harbor or possess any dog or cat in the city unless such dog or cat, if it is over four months old, is vaccinated with rabies vaccine by a licensed veterinarian and a tag evidencing such vaccination is affixed to the collar or harness as provided in section 18-228.,..” New Orleans Code of Ordinances § 18-18(a) provides, in pertinent part: "Violation of this chapter shall be deemed to be violations of a public health and environmental ordinance

.New Orleans Code of Ordinances § 18-170 provides: "Upon request of the director or the agency, the owner, or keeper of any dog or cat must furnish evidence as required in section 18230 that such dog or cat has been vaccinated by a licensed Louisiana veterinarian and is current on its vaccination against rabies as required in section 18-168.”

. See supra notes 2 & 3. New Orleans Code of Ordinances §§ 18-168 provides: "The *950 owner or keeper of every dog or cat between three and four months old shall, at his expense, have such dog or cat vaccinated by a Louisiana licensed veterinarian with rabies vaccine. Twelve months later, the animal shall be revaccinated. Thereafter, such dog or cat shall be revaccinated every 36 months by a licensed Louisiana veterinarian, under rules and regulations to be prescribed by the director. The veterinarian must provide to the owner the date when tire dog or cat must be revaccinated.”