JAMES F. McKAY III, Chief Judge.
hOn March 3, 2014, Todd Biever, on behalf of Biever Realty-Benjamin L.L.C., executed a “Louisiana Residential Agreement to Buy or Sell” relating to a condominium unit that Beiver Realty sought to purchase located at 910 Royal Street, Unit A, New Orleans, Louisiana 70116 and owned by Royal Alice Properties, L.L.C. After a series of counteroffers, Susan Hoffman agreed to sell the property to Biever Realty for $500,000.00 and the closing date was set for March 28, 2014. On March 17, 2014, Biever Realty tendered a $5,000.00 deposit as required by the terms of the agreement.
The closing on the property was to be handled by closing attorney Michael Winters of Winters Title Insurance Agency, Inc. Mr. Winters discovered a cloud on the title; a third party had filed a notice of lis pendens in connection with an earlier lawsuit against Royal Alice. Therefore, Mr. *970 Winters invoked a provision in the agreement that permitted an extension of the closing date by up to ninety (90) days “[i]n the event curative work in connection with the title to the Property is required.” Mr. Winters performed the curative work and the closing was reset for |2April 4, 2014. However, on April 3, 2014, Mr. Winters advised the parties that the closing would not go forth on April 4, 2014, and would again be extended for ninety (90) days.[1]
On June 24, 2014, Peter Hoffman, purportedly acting as agent and mandatary for Royal Alice, executed another document extending the closing deadline until September 13, 2014. On June 26, 2014, this extension was executed by Todd Biev-ers, on behalf of Biever Realty. Thereafter, Mr. Winters scheduled a new closing date for September 12,2014.
Mr. Biever was unavailable on September 12, 2014. Therefore, on September 9, 2014, he appeared at the offices of Winters Title in order to execute the buyer’s closing documents. He also provided a cashier’s check, on behalf of Biever Realty, in the amount of $492,224.47, representing the sum owed on the purchase agreement. On September 12, 2014, Richard Jean-sonne, agent for the buyer, appeared at Winters Title for the scheduled closing. However, no representative appeared on behalf of Royal Alice. Mr. Winters then spoke with Michel Wilkinson, agent for the seller, who advised that a representative of Royal Alice would not be appearing at the closing.
laOn September 26, 2014, Biever Realty made written demand upon Royal Alice to execute the act of sale on or before October 6, 2014. Royal Alice did not comply. Therefore, on October 21, 2014, Biever Realty filed a lawsuit against Royal Alice, seeking specific performance and damages. On December 3, 2014, Royal Alice filed an answer, exceptions, and a reconventional demand essentially asserting that Biever Realty had defaulted on the purchase agreement, Todd Biever had no authority to act on behalf of Biever Realty, and Peter Hoffman had no authority to act on behalf of Royal Alice. On January 26, 2015, Biever Realty, as plaintiff and defendant in reconvention, filed its answer and third party demand in which it named Peter Hoffman as a third party defendant and sought to hold Mr. Hoffman personally liable for exceeding his purported authority as agent for Royal Alice.
On August 7, 2015, Biever Realty filed a motion for summary judgment and the motion was set for hearing on September 11, 2015. On August 26, 2015, Royal Alice also filed a motion for summary judgment, followed shortly thereafter by Peter Hoffman, who also filed a motion for summary judgment. Prior to the hearing on the motions, Biever Realty filed a motion to continue because it wished to conduct some additional discovery, including the depositions of Susan and Peter Hoffman. At the September 11, 2015 hearing, the district court granted the continuance and ordered Mr. and Mrs. Hoffman to appear for depositions. The hearing on the sum *971 mary judgment motions was then reset for September 25,2015.
| ¿Mr. and Mrs. Hoffman were not produced for their depositions until September 22, 2015. Therefore, on September 21, 2015, Biever Realty filed another motion to continue. On September 25, 2015, the district court granted the motion to continue and reset the hearing on the summary judgment motions for October 23, 2015.
At the hearing on October 23, 2015, the district court denied Biever Realty’s motion for partial summary judgment and granted the cross motion for partial summary judgment filed by Royal Alice, The court also denied Peter Hoffman’s motion for summary judgment. On November 3, 2015, the district court issued a written judgment granting summary judgment in favor of Royal Alice, and dismissing all claims of Biever Realty against Royal Alice. The judgment certified that it was final and appealable pursuant to Louisiana Code of Civil Procedure Article 1915 B(l). It is from this judgment that Biever Realty now appeals.
On appeal, this Court will only consider the district court’s granting of summary judgment in favor Royal Alice and its dismissal of all claims of Biever Realty against Royal Alice. The denials of the other two motions for summary judgment are interlocutory judgments and are not properly before this Court on appeal,
Appellate courts review a- trial court’s grant of summary judgment de novo using the same standards applied by the trial court in deciding the motion .for summary judgment, i.e., whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. Smith v. Treadaway, 2013-0131 (La.App. 4 Cir. 11/27/13), 129 So.3d 825; La. C.C.P. art. 966. A “genuine” issue, for purposes of summary judgment, is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, no need for trial on that issue exists and summary judgment is appropriate. Citron v. Gentilly Carnival Club, 2014-1096 (La.App. 4 Cir. 4/15/15), 165 So.3d 304. “Material fact” for purposes of a summary judgment motion is one that would matter at trial on the merits. Walker v. Kroop, 96-0618 (La.App. 4 Cir. 7/24/96), 678 So.2d 580. Because it is the applicable substantive law that determines whether a particular fact is “material” for summary judgment purposes, materiality can be seen only in light of the substantive law applicable to the case. Jackson v. City of New Orleans, 2012-2742, 2012-2743 (La.1/28/14), 144 So.3d 876.
In the instant case, the district court granted summary judgment in favor of Royal Alice and dismissed the claims of Biever Realty against Royal Alice based on the “fact” that the. condominium located at 910 Royal Street, Unit A was owned .by Royal Alice (a limited liability company), whose sole member was Susan Hoffman, and that Peter Hoffman had no authority to act' on behalf of Royal Alice. There are, however, a number of issues that call this “fact” into question. Although Royal Alice was the owner of the subject property, Susan Hoffman admitted .that she conducted business related to the property in her personal name. On March 17, 2014, she executed a Louisiana Residential Purchase Agreement for the sale of the subject property and at no point does the purchase agreement mention Royal Alice. Susan and Peter Hoffman also acted as if they were the joint ^owners of the property. Mr, Hoffman signed a personal guarantee for .the note on a loan on the property. Mr. Hoffman also appeared for Royal Alice at meetings of the homeowners association and handled other aspects of its business. Furthermore, despite the fact that Susan *972 and Peter Hoffman were legally separated by a California court, this judgment was never recorded in the public records in Louisiana, thereby giving notice to third parties. Therefore, it appears reasonable that Biever Realty could have believed that Peter Hoffman had the authority to act on behalf of Royal Alice. As such, Biever Realty may have a detrimental reliance/equitable estoppel argument against Royal Alice.
The theory of agency by estoppel allows a third party to recover against a principal for the action of one who acted as the principal’s agent despite lacking the necessary authority to do so. The Supreme Court of Louisiana has explained the grounds for agency by estoppel as “based on tort principles of preventing loss by an innocent person.” Tedesco v. Gentry Dev., Inc., 540 So.2d 960, 964 (La.1989). The party invoking equitable estoppel must establish three requirements: (1) a representation by conduct or word; (2) justifiable reliance; and (3) a change in position to one’s detriment because of the reliance. Suire v. Lafayette City-Parish Consolidated Gov’t., 2004-1459 (La.4/12/05), 907 So.2d 37; see also Lakeland Anesthesia, Inc. v. United Healthcare of La., Inc., 2003-1662 (La.App. 4 Cir. 3/17/04), 871 So.2d 380. All of these conditions are met in the instant case. Therefore, there is a genuine issue of material fact as to whether or not Biever |7Realty has a cause of action against Royal Alice. Accordingly, summary judgment was improperly granted.
For the above and foregoing reasons, the judgment of the district court granting summary judgment in favor of Royal Alice and the dismissal of Biever Realty’s claims against Royal Alice is reversed and this matter is remanded to the district court for further proceedings consistent with this opinion.
REVERSED AND REMANDED

. On April 3, 2014, Susan Hoffman was indicted in federal court via a superseding indictment of her husband, Peter Hoffman, in the matter of U.S. v. Hoffman, No, 2014— 00022 in the United States District Court for the Eastern District of Louisiana. At that time, a notice of forfeiture was issued to the Hoffmans, which document provided that any properties owned by the Hoffmans which had been obtained or derived from proceeds traceable to the alleged violations set forth in the indictment would be subject to forfeiture. The parties were not sure whether the property at 910 Royal Street, Unit A was subject to forfeiture. However, on August 4, 2014, the government confirmed that the property was not subject to the notice of forfeiture which had been issued to the Hoffmans.