| | | |
|---|---|---|
| ECLECTIC INVESTMENT PARTNERS, LP | * | NO. 2019-CA-0895 |
| | * | COURT OF APPEAL |
| VERSUS | * | FOURTH CIRCUIT |
| CITY OF NEW ORLEANS AND NORMAN WHITE, DIRECTOR OF FINANCE AND EX OFFICIO TAX COLLECTOR | * | STATE OF LOUISIANA |
| | * | |
| | * | |

\* \* \* \* \* \* \*

**BROWN, J., CONCURS AND ASSIGNS REASONS.**

I agree with the majority, but I write separately to highlight Judge Chase's concurrence in *Harrier Enterprises, LLC v. Imbornone*, 19-0613 (La. App. 4 Cir. 1/29/20) ___ So.3d ___, 2020 WL 486804 *2. Particularly, I find there is a need for legislative action to rectify the juxtaposition that the constitutional and statutory provisions to which we must adhere create. Judge Chase espoused:

> It is well settled that "taxes levied on real property are a charge laid exclusively upon the property assessed, and collectible only out of said property." *Mooring Tax Asset Group, L.L.C. v. James*, 2014-0109, p. 12 (La. 12/9/14), 156 So.3d 1143, 1151 (citation omitted). . . .

> \* \* \*

> . . . As we observed in *Bilbe v. Foster*, real property taxes do not prescribe and the right to proceed to a tax sale expires in three years. 2015-0302, pp. 7-8 (La. App. 4 Cir. 9/9/15), 176 So.3d 542, 547 (citing La. Const. art. VII, § 16 and La. R.S. 47:2131). However, our Supreme Court has held that "Article VII, § 25(A) of the Louisiana Constitution prohibits methods or proceedings other than tax sales to collect delinquent ad valorem property taxes." *Fransen v. City of New Orleans*, 2008-0076, p. 25 (La. 7/1/08), 988 So.2d 225, 242. The practical result is an imprescriptible yet uncollectable tax debt on the property. This presents a public policy issue wherein blighted properties are effectively removed from commerce for lack of merchantable title.

*Id.*, 19-0613, p. 6, ___ So.3d at ___ , 2020 WL 486804 *5 (footnote omitted).