| | | |
|---|---|---|
| JOSEPH BOUCREE | * | NO. 2023-CA-0415 |
| VERSUS | * | |
| | | COURT OF APPEAL |
| NEW ORLEANS EAST | * | |
| HOSPITAL FOUNDATION | | FOURTH CIRCUIT |
| D/B/A NEW ORLEANS EAST | * | |
| HOSPITAL, L&R SECURITY | | STATE OF LOUISIANA |
| SERVICES, INC., AND JOHN | * * * * * * * | |
| DOES 1 AND 2 | | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-07731, DIVISION "F-14"
Honorable Jennifer M Medley,
* * * * * *
**Judge Sandra Cabrina Jenkins**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Sandra Cabrina Jenkins, Judge Karen K. Herman)

William P. Gibbens
Gwyneth O'Neill
SCHONEKAS, EVANS, McGOEY & McEACHIN, L.L.C.
909 Poydras Street
Suite 1600
New Orleans, LA 70112

      COUNSEL FOR PLAINTIFF/APPELLEE

Doris T. Bobadilla
Wendell F. Hall
GALLOWAY JOHNSON TOMPKINS BURR & SMITH
3 Sanctuary Blvd.
Third Floor
Mandeville, LA 70471

      COUNSEL FOR DEFENDANT/APPELLANT

           **APPEAL CONVERTED TO WRIT; WRIT DENIED**

                **DECEMBER 18, 2023**

*SCJ*
*TFL*
*KKH*

Defendant, L & R Security Services, Inc., appeals the trial court's May 1, 2023 judgment denying its motion for partial summary judgment and designating the judgment a final, partial judgment, pursuant to La. C.C.P. art. 1915(B)(1). For the following reasons, we convert this appeal to an application for supervisory writ and deny defendant's writ.

**FACTS AND PROCEDURAL BACKGROUND**

On September 16, 2020, Dr. Joseph Boucree filed a petition for damages against New Orleans East Hospital Foundation, d/b/a New Orleans East Hospital ("NOEH"), L & R Security Services, Inc. ("L & R"), and two individuals employed as security guards by L & R.[1] Dr. Boucree alleges that he suffered injuries when he was physically and forcefully removed from the premises of NOEH by the two security guards, who were acting at the behest of NOEH and L

---

[1] On April 16, 2021, Dr. Boucree filed a first supplemental and amended petition, which included the names of the two individual security guards, who were referred to as John Doe 1 and 2 in the original petition, and correcting the name of NOEH to Park Hospital Services District A d/b/a New Orleans East Hospital.

1

& R.  Dr. Boucree further alleges that NOEH and L & R are solidarily liable with the two security guard employees for all damages resulting from the incident, including but not limited to emotional distress, mental anguish, and pain and suffering.

In November 2022, L & R filed a motion for partial summary judgment asserting that there are no genuine issues of material fact as to defendant's solidary liability for damages alleged by plaintiff and seeking the dismissal of plaintiff's claims against L & R.  In March 2023, plaintiff filed a timely opposition to L & R's motion for partial summary judgment, and, subsequently, L & R filed a reply to the opposition.

On March 17, 2023, the trial court held a hearing on L & R's motion for partial summary judgment.  At the close of the hearing, the trial court made an oral ruling denying L & R's motion and stating it was a final judgment.  On May 1, 2023, the trial court signed the written judgment denying L & R's motion for partial summary judgment and designating it a final, partial judgment, pursuant to La. C.C.P. art. 1915.

L & R now appeals the trial court's judgment denying its motion for partial summary judgment.  Before this Court can address the merits, we consider whether this Court has jurisdiction over the appeal.

## JURISDICTION

Appellate courts have the duty to determine whether the Court has subject matter jurisdiction over the appeal, even when the parties do not raise the issue.

2

*See Joseph v. Wasserman*, 21-0138, p. 3 (La. App. 4 Cir. 12/17/21), 334 So.3d 413, 416. In this case, defendant filed an appeal of a judgment denying a motion for partial summary judgment. However, Louisiana law does not permit an appeal to be taken from a judgment denying a motion for summary judgment, even if the trial court certified the judgment as final. *Safeguard Storage Properties, L.L.C. v. Donahue Favret Contractors, Inc.*, 10-0673, p. 7, n.11 (La. App. 4 Cir. 3/31/11), 60 So.3d 110, 116 (citing *Yokum v. Van Calsem*, 07-0676, p. 6 (La. App. 4 Cir. 3/26/08), 981 So.2d 725, 730); La. C.C.P. art. 968 ("An appeal does not lie from the court's refusal to render any judgment on the pleading or summary judgment."). A judgment denying a motion for summary judgment is interlocutory in nature and, thus, cannot be certified as a final judgment under La. C.C.P. art. 1915(B). *Acadian Properties Northshore, L.L.C. v. Fitzmorris*, 19-1549, p. 4, n. 4 (La. App. 1 Cir. 11/12/20), 316 So.3d 45, 48. Thus, this Court lacks appellate jurisdiction to review this interlocutory judgment.

A party may properly seek review of an interlocutory judgment denying a motion for summary judgment by an application for supervisory writ. *Delahoussaye v. Tulane Univ. Hosp. and Clinic*, 12-0906, p. 4 (La. App. 4 Cir. 2/20/13), 155 So.3d 560, 562. Under certain circumstances, this Court may exercise its discretion to convert an appeal of an interlocutory judgment into an application for supervisory writ. *Id.* (citing *Reed v. Finklestein*, 01-1015, p. 3 (La. App. 4 Cir. 1/16/02), 807 So.2d 1032, 1033-34). In consideration that defendant's motion for appeal was filed within the thirty-day time period allowed to seek

3

review of an interlocutory judgment under this Court's supervisory jurisdiction, we elect to exercise our broad supervisory powers to convert this appeal to an application for supervisory writ of review. *Id.*; *See* Rule 4-3, Uniform Rules—Courts of Appeal. We now review the merits under our supervisory jurisdiction.

## SUMMARY JUDGMENT STANDARD OF REVIEW

Appellate courts review a trial court's judgment granting or denying a motion for summary judgment under a *de novo* standard of review, applying the same standard as the trial court in deciding the merits of the motion. *Amdee v. Aimbridge Hospitality LLC*, 20-0590, p. 3 (La. App. 4 Cir. 12/16/22), 354 So.3d 250, 252. Thus, the appellate court makes an independent determination as to whether, after an opportunity for adequate discovery, the motion for summary judgment, memoranda, and supporting documents show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. *Id.*; La. C.C.P. art. 966(A)(3).

The burden to prove that mover is entitled to judgment as a matter of law rests with the mover, in accordance with La. C.C.P. art. 966(D)(1), as follows:

> [I]f the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense.

4

The adverse party to the motion for summary judgment then bears the burden "to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id*.

A genuine issue is one about which reasonable persons could disagree; and material facts are those that "potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." *Smith v. Treadaway*, 13-0131, pp. 4-5 (La. App. 4 Cir. 11/27/13), 129 So.3d 825, 828 (citing *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2312, p. 27 (La. 7/5/94), 639 So.2d 730, 751). Based on the evidence and arguments before the court on the motion for summary judgment, the court must determine whether genuine issues of material fact remain in dispute for the fact finder to consider. *Id*. "[I]f reasonable persons could reach only one conclusion from the evidence presented, then there is no need for a trial on that issue", and the mover is entitled to judgment as a matter of law. *Smith*, 13-0131, pp. 4-5, 129 So.3d at 828 (citing *Our Lady of the Lake*, *supra*.). "Any doubt as to a dispute over material facts must be resolved against granting the summary judgment and in favor of trial on the merits." *Id*.

## DISCUSSION

L & R raises one assignment of error: the trial court erred in denying the motion for partial summary judgment on the issue of solidary liability. L & R asserts that solidary liability no longer exists under Louisiana law, except in cases alleging a conspiracy to commit an intentional tort; and, L & R argues that the plaintiff's allegations do not constitute an intentional tort nor support a claim of

conspiracy to commit an intentional tort. Thus, L & R argues that the trial court erred by failing to grant the motion for partial summary judgment dismissing plaintiff's claim that L & R is solidarily liable with the other named defendants for plaintiff's damages.

***Solidary Liability***

The imposition of solidary liability among joint tortfeasors allows an injured plaintiff the opportunity to recover full compensation from any party "whose fault was an indispensable factor in producing the harm." *Dumas v. State ex rel. Dept. of Culture, Recreation & Tourism*, 02-0563, p. 6 (La. 10/15/02), 828 So.2d 530, 533. "Thus, the primary effect of solidary liability is that any tortfeasor may be made to pay the judgment in full for other defendants who are insolvent, unknown, or absent." *Id*. at 534.

Solidary liability was abolished by the Louisiana Legislature in 1996, in favor of a pure comparative fault system. *Dumas*, 02-0563, p. 9, 828 So.2d at 535. The comparative fault system, set forth in La. C.C. art. 2323(A), provides as follows:

> [i]n any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty, and regardless of the person's insolvency, ability to pay, immunity by statute, including but not limited to the provisions of R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable. If a person suffers injury, death, or loss as the result partly of his own negligence and partly as the result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death, or loss.

In addition, La. C.C. art. 2323(B) provides that comparative fault shall apply to any tort claim for recovery of damages asserted under any law or legal doctrine or theory of liability, regardless of the basis of liability. Thus, under any theory of liability, each actor must be assigned a percentage of fault and each joint tortfeasor is responsible only for the portion of damage he has caused. *Thompson v. Winn-Dixie Montgomery, Inc.*, 15-0477, p. 10 (La. 10/14/15), 181 So.3d 656, 664; *see also*, La. C.C. art. 2324(B) ("A joint tortfeasor shall not be liable for more than his degree of fault and shall not be solidarily liable with any other person for damages attributable to the fault of such other person … .").

However, the Louisiana Legislature preserved solidary liability under a particular scenario, set forth in La. C.C. art. 2324(A), stating: "[h]e who conspires with another [party] to commit an intentional or willful act is answerable, in solido, with that [other party], for the damage caused by such act." Thus, when two or more parties conspire to commit an intentional tort against a person, those parties are solidarily liable for the injured person's damages.

La. C.C. art. 2324(A) does not establish an independent cause of action for civil conspiracy. Instead, "[t]he actionable element of a conspiracy claim is not the conspiracy itself; rather, it is the tort that the conspirators agree to perpetrate and actually commit in whole or in part", causing injury to the plaintiff. *Thomas v. North 40 Land Development, Inc.*, 04-0610, p. 23 (La. App. 4 Cir. 1/26/05), 894 So.2d 1160, 1174. To establish a conspiracy under La. C.C. art. 2324(A), a plaintiff must allege facts and provide evidence that the defendant conspirators

7

agreed or colluded to commit an intentional act and that intentional act caused injury to plaintiff.

In this case, L & R argues that Dr. Boucree has not alleged sufficient facts in his petition to establish a claim that the named defendants conspired to commit an intentional tort against him or even that an intentional tort was committed. Thus, L & R argues that Dr. Boucree cannot establish solidary liability for plaintiff's damages under La. C.C. art. 2324(A). L & R asserts it is entitled to partial summary judgment on the issue of solidary liability and dismissal of Dr. Boucree's claim that L & R is solidarily liable with the other defendants. In support of its argument, L & R rests solely on the allegations within Dr. Boucree's original and first supplemental and amended petitions, which L & R contends do not allege facts establishing a conspiracy or an intentional tort.

In opposition to L & R's motion for partial summary judgment, Dr. Boucree argues his petition sets forth sufficient facts to support either a cause of action for negligence or intentional torts. Dr. Boucree asserts that Louisiana's fact-pleading system allows him to allege facts supporting alternative, even inconsistent causes of action, and he contends the facts alleged in his petition support causes of action for negligence or intentional torts and conspiracy. Dr. Boucree argues, more specifically, that the operative facts alleged in the petition could constitute the intentional torts of assault, battery, false imprisonment, or kidnapping. He further argues that the facts establish an agreement between NOEH and L & R's security guards to commit the injurious acts against him. Finally, Dr. Boucree argues that L

& R has failed to produce any evidence in support of their motion for partial summary judgment to refute any facts alleged in his petition.

We now review the facts alleged in Dr. Boucree's petition. Dr. Boucree, a board-certified orthopaedic surgeon, alleges that, on December 20, 2019, Dr. Takeisha Davis, the President and CEO of NOEH, informed him that he would not be permitted to admit patients for surgery at the hospital beginning on December 21, 2019, until he completed a required course in EPIC, the electronic medical software application used by the hospital. Dr. Boucree also alleges that Dr. Davis informed him that he would be permitted to perform scheduled surgeries on December 20, 2019, to continue to handle post-operative care for his existing hospital patients, and to continue practicing in his orthopaedic clinic.

On December 22, 2019, Dr. Boucree alleges that, while attempting to perform his post-operative rounds with patients, he was told by NOEH administrators that he was not permitted to be on the hospital premises. When Dr. Boucree refused to leave the hospital, NOEH staff instructed two L & R security guards to remove Dr. Boucree from the hospital. The L & R security guards handcuffed Dr. Boucree behind his back and forcefully walked him out of the hospital. The L & R security guards kept Dr. Boucree handcuffed while standing outside the hospital entranceway and told him that NOEH staff were contacting the police. Subsequently, the L & R security guards told him the police were not called but he was being ordered to leave the premises. When Dr. Boucree informed them his car was located in the doctor's parking lot at the rear of the

9

hospital, the L & R guards forcefully walked him, while still handcuffed, to his car. As a result of the incident, Dr. Boucree alleges that he suffered physical injuries to his hands and wrists, as well as damages to his reputation, humiliation, and mental distress.

Dr. Boucree's petition includes allegations that L & R provided the security services for NOEH, which controlled the hiring and schedules of the L & R security guards named in the petition. Dr. Boucree alleges that NOEH directed, instructed, or ordered the L & R security guards to take the actions resulting in his removal from the hospital, his injuries, and damages.

Now, in consideration of the facts alleged in Dr. Boucree's petition, we must determine whether L & R has carried its burden of proof to show that there are no genuine issues of material fact as to whether solidary liability could apply in this case. As stated previously, L & R does not provide any evidence in support of its motion and rests solely on the factual allegations in Dr. Boucree's petition to argue that it is entitled to summary judgment on the issue of solidary liability.

From our review of the petition, we find that there are sufficient facts alleged in the petition to state a cause of action for an intentional tort, such as battery. In addition, the factual allegations could support a cause of action for conspiracy to commit an intentional tort against Dr. Boucree.[2] At this point in the

_____

[2] In discussing the burden of proof to show a conspiracy to commit an intentional tort, under La. C.C. art. 2324(A), the Fifth Circuit noted, "[p]roof of a conspiracy may be inferred from the defendant's knowledge of the impropriety of the actions taken by a co-conspirator. A conspiracy may be proven by circumstantial evidence, including highly suspicious facts and circumstances." *Khoobehi Properties, L.L.C. v. Baronne Development No 2, L.L.C.*, 19-278, pp. 11-12 (La. App. 5 Cir. 12/18/19), 288 So.3d 224, 232-33 (citations omitted). In this case, Dr. Boucree alleges that NOEH staff discussed with, directed, or ordered L & R security guards to take action to remove

litigation, with no evidence introduced into the record to support or refute the facts alleged, we find that L & R has not met its burden of proof to show it is entitled to summary judgment on the issue of solidary liability. Therefore, we find no error in the trial court's judgment denying L & R's motion for partial summary judgment.

## CONCLUSION

For the foregoing reasons, we convert L & R's appeal of the trial court's judgment denying its motion for partial summary judgment to an application for supervisory writ and we deny the writ.

**APPEAL CONVERTED TO WRIT; WRIT DENIED**

---

Dr. Boucree. These allegations, if proven, could support a claim of a conspiracy to commit an intentional tort, such as a battery, against Dr. Boucree.