STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

08-174

KRISTY L. WRIGHT

VERSUS

JOEY J. GOTTE, ET AL.

**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-604-03
HONORABLE ANNE LENNAN SIMON, DISTRICT JUDGE

**********

CHRIS J. ROY[1]
JUDGE

**********

Court composed of Sylvia R. Cooks, J. David Painter, and Chris J. Roy, Judges.

RULING AFFIRMED IN PART AND REVERSED IN PART; JUDGMENT
REVERSED AND REMANDED.

Frank A. Courtenay  Jr.
Preis & Roy
601 Poydras St., Suite 1700
New Orleans, LA 70130
(504) 581-6062
Counsel for Defendant Appellee:
        Everest Security Ins. Co.

James Buckner Doyle
Attorney at Law
P. O. Box 5241

---

[1]Judge Chris J. Roy, Sr. Appointed judge pro tempore of the Court of Appeal, Third
Circuit.

Lake Charles, LA 70606-5241
(337) 474-9989
Counsel for Plaintiff Appellant:
    Kristy L. Wright

Bryan Forrest Gill  Jr.
Attorney at Law
427 Kirby St.
Lake Charles, LA 70601
(337) 433-8116
Counsel for Plaintiff Appellant:
    Kristy L. Wright

Samuel Bryan Gabb
Loftin, Cain, Gabb & LeBlanc
113 South Ryan Street
Lake Charles, LA 70601
(337) 310-4300
Counsel for Defendant Appellee:
    Succession of Mona K. Shirah

Joey J. Gotte
In Proper Person
27533 Ruffin Road
Elton, LA 70532
Counsel for Defendant Appellee:
    Joey J. Gotte

**ROY, Judge (pro tempore)**.

The plaintiff, Kristy Wright, appeals the judgment of the trial court granting motions by the defendant, Everest Security Insurance Company, to strike an affidavit and for summary judgment and in dismissing her claims with prejudice. For the following reasons, the trial court's ruling striking the affidavit is affirmed in part and reversed in part and its judgment granting summary judgment in favor of Everest Security is reversed. The matter is remanded for further proceedings.

## FACTS

Wright's mother, Mona Kay Shirah, was killed as a result of an automobile accident, which took place in Jefferson Davis Parish, on May 16, 2003. Shirah was a passenger in a van, which was owned by her, but being driven by Joey J. Gotte. The accident was a result of Gotte's failure to maintain control of the vehicle due to his intoxicated/impaired condition. As a result, Wright filed suit seeking survival action and wrongful death damages from Gotte and Everest Security, Shirah's insurer. Everest Security answered Wrights' petition and filed peremptory exceptions of no cause of action and no right of action. Thereafter, it filed motions for summary judgment arguing that pursuant to Georgia law, Shirah was denied coverage as she had rejected uninsured/underinsured motorist coverage and because Gotte did not possess a valid driver's license at the time of the accident. In opposition, Wright, arguing that Louisiana law should apply to determine the availability of coverage, introduced an affidavit by Charles W. Shirah, Jr., the deceased's brother, to show that her domicile was Louisiana, rather than Georgia. Everest Security then filed a motion to strike the affidavit. Following a hearing, the trial court granted Everest Security's motion to strike the affidavit and granted its motion for summary judgment on the issue of coverage. Judgment was rendered in

1

this matter, with the trial court designating this a final judgment suitable for appeal. This appeal by Wright followed.

## ISSUES

On appeal, Wright argues that the trial court erred in granting Everest Security's motion to strike Charles Shirah's affidavit and its motion for summary judgment on the issue of insurance coverage.

## MOTION TO STRIKE

In her first assignment of error, Wright argues that the trial court erred in granting Everest Security's motion to strike the affidavit of Charles Shirah. In opposition to Everest Security's motion for summary judgment, Wright introduced two affidavits by Shirah, the decedent's brother. The second affidavit, dated May 4, 2007, is an expansion of the first affidavit and contains the following statements:

1. That he is of competent and sound mind, that he graduated from high school and completed approximately 2 ½ years of college, is not presently under interdiction or any other mental infirmity which would prevent him from truthfully and competently testifying herein;

2. That approximately two (2) weeks before the May 16, 2003 accident in which Mona Kay Shirah was killed, he was present when Joey Gotte and his sister Mona Shirah were at Jeff Davis Academy Road Trailer Park next to Donna Veazey's home, and has personal knowledge that Mona had consumed two or three beers and that Mona stated that she wasn't feeling good about driving after drinking;

3. That at the time as stated in No. 2 above, Mona asked Joey if he had a driver's license, to which Joey replied "I'm legal", and that shortly thereafter Joey drove off with Mona in Mona's van; and

4. That Mona had returned to Jeff Davis Parish from Georgia and had been residing in Jeff Davis Parish for at least one month before the accident and had never expressed to him or to anyone else, to his knowledge, an interest or intent to return to Georgia; that she had obtained medical treatment at Moss Regional Hospital in Lake Charles and University Medical Center in Lafayette where she had given her stated

2

address as 1402 N. Cary Avenue, Jennings, Louisiana, which is also my address where she resided upon returning to Jennings;

5.    That Mona had received her Federal Income Tax check at my home address and had given her home address as 1402 N. Cary Avenue, Jennings, Louisiana.

Everest Security's motion to strike argued that the affidavits should be stricken as they were based on hearsay testimony and would be inadmissable at trial. The trial court agreed and ordered the affidavits stricken.

Louisiana Code of Civil Procedure Article 967(A) provides that affidavits introduced in support of a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Louisiana Code of Evidence Article 801(D) provides that "hearsay" is "a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted."

In *Gold, Weems, Bruser, Sues, & Rundell v. Granger*, 06-589, p. 9-10 (La.App. 3 Cir. 12/29/06), 947 So.2d 835, 843, *writ denied*, 07-0421 (La. 4/27/07), 955 So.2d 687 (citations omitted), this court stated:

A trial court is given vast discretion in its ruling on the admissibility of evidence, including whether or not witness testimony is relevant and admissible.

The district court is given vast discretion in its decisions on evidentiary rulings and its decision to admit or exclude evidence will not be reversed on appeal unless it is clearly shown that it has abused that discretion.

We will not overturn a trial court's ruling on the admissibility of evidence unless that ruling is clearly wrong or we find that the trial court has committed an abuse of discretion in so ruling.

A review of the affidavit reveals that portions of it are being presented by Wright to prove two things: 1) that Gotte had a valid driver's license and 2) that

3

Shirah had changed her domicile from Georgia to Louisiana. Thus, we find that the statements made by the decedent and Gotte (declarants), were offered by the Shirah (a person other than the declarant) at the instant trial to prove that the decedent intended to change her domicile to Louisiana and that Gotte had a valid driver's license (the truth of the matter asserted) are classic hearsay for which there are no exceptions. La.Code Evid. art. 801.

However, we find that the trial court abused its discretion in striking the affidavits in their entirety, as other statements contained therein are not hearsay as they are based on Shirah's personal knowledge. Those statements are: 1) that the decedent was in Jeff Davis Parish and that she had resided with him for at least a month prior to the accident, 2) that she had obtained medical treatment at the Lake Charles and Lafayette hospitals, and 3) that she had received her income tax check at the 1402 N. Cary Avenue address. Accordingly, we affirm the striking of the indicated statements pertaining to the decedent's change of domicile and Gotte's possession of a valid driver's license, but reverse it as it pertains to the statements made from his personal knowledge.

### SUMMARY JUDGMENT

The standard of review pertaining to summary judgment is well established, as provided by La.Code Civ.P. art. 966. Thus, an appellate court asks the same questions the trial court asks to determine whether summary judgment is appropriate. *Magnon v. Collins*, 98-2822 (La. 7/7/99), 739 So.2d 191. This inquiry seeks to determine whether any genuine issues of material fact exist and whether the movant is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B) and (C). Accordingly, we will undertake a de novo review of the matter.

4

## CONFLICTS OF LAW

In her second assignment of error, Wright argues that the trial court erred in granting summary judgment in favor of Everest Security as Louisiana's public policy mandates insurance coverage in the situation at issue. The insurance policy in question was issued to Shirah, who lived in Georgia. The policy contains an exclusion which states that liability coverage and a duty to defend does not apply when the insured's car is driven, with the insured's permission, by a person with an invalid driver's license. Wright argues that the enforcement of this provision would be against public policy when a Louisiana citizen was impacted by this accident. Accordingly, she argues that Louisiana law should be applied in the interpretation of the Georgia policy to determine whether general liability and uninsured motorist coverage exists in this instance.

In *Boutte v. Fireman's Fund County Mut. Ins., Co.*, 06-34, p. 16 (La.App. 3 Cir. 5/10/06), 930 So.2d 305, 315, *writs denied*, 06-1482, 1484 (La. 9/29/06), 937 So.2d 864, this court reiterated that the Louisiana Supreme Court, in *Champagne v. Ward*, 03-3211 (La. 1/19/05), 893 So.2d 773, "concluded that the appropriate starting point in a multistate case is to conduct a choice-of-law analysis pursuant to La.Civ.Code arts. 3515 and 3537 to determine which state's law applies to the interpretation of the policy."

Louisiana Civil Code Article 3515 provides:

Except as otherwise provided in this Book, an issue in a case having contacts with other states is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.

That state is determined by evaluating the strength and pertinence of the relevant policies of all involved states in the light of: (1) the relationship of each state to the parties and the dispute; and (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of

5

minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state.

Louisiana Civil Code Article 3537 provides:

Except as otherwise provided in this Title, an issue of conventional obligations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.

That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in the light of: (1) the pertinent contacts of each state to the parties and the transaction, including the place of negotiation, formation, and performance of the contract, the location of the object of the contract, and the place of domicile, habitual residence, or business of the parties; (2) the nature, type, and purpose of the contract; and (3) the policies referred to in Article 3515, as well as the policies of facilitating the orderly planning of transactions, of promoting multistate commercial intercourse, and of protecting one party from undue imposition by the other.

In this instance, the contacts with Georgia are as follows:

1)  Shirah had resided in Georgia, and has a Georgia driver's license.

2)  Shirah negotiated her insurance policy in Georgia with Everest Security, a business authorized to do and doing business in Georgia.

3)  Shirah's van was garaged in Georgia, at the time she negotiated her policy with Everest Security.

4)  Wright is a resident of Georgia.

The contacts with Louisiana are as follows:

1)  The accident occurred in Louisiana.

2)  All of the witnesses to the accident are in Louisiana.

3)  The defendant, Joey Gotte, was a resident of Louisiana.

Although Shirah was a resident of Georgia, Wright has raised the issue and presented evidence to show that she had changed her domicile from Georgia to Louisiana prior to the accident. We find that the question of her domicile is significant in the determination of which state's law applies. If she had changed her domicile to Louisiana, then Georgia's contacts to this matter are lessened and those

6

to Louisiana are strengthened . Accordingly, we find that a genuine issue of material fact remains. As a result, the judgment of the trial court granting summary judgment is reversed. The matter is remanded to the trial court for further proceedings.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court granting summary judgment in favor of Everest Security Insurance Company is reversed and the matter is remanded for further proceedings. The trial court's ruling striking the affidavit is affirmed in part and reversed in part. The costs of this appeal are assessed to the defendant-appellee, Everest Security Insurance Company.

**RULING AFFIRMED IN PART AND REVERSED IN PART; JUDGMENT REVERSED AND REMANDED.**