SANDRA CABRINA JENKINS, Judge.
| plaintiffs filed suit against defendant, Orleans Parish School Board, seeking damages arising out of her daughter’s rape, which occurred off campus and after the end of the school year. Plaintiffs appeal the trial court’s judgment granting Orleans Parish School Board’s motion for summary judgment, dismissing them from the suit, while reserving plaintiffs’ claims against the remaining defendants. For the following reasons, we affirm the trial court’s judgment.
FACTS AND PROCEDURAL HISTORY
Appellant, Erica Hayes, individually and on behalf of her minor child, Unique Hayes,[1] alleges that her daughter was raped in a stairwell on May 21, 2011, while attending a party celebrating the end of the school year. The party was held at the Sheraton Hotel and was hosted by a classmate’s mother. Appellant alleges that her daughter, a freshman at Warren Easton Charter High School (“Warren Ea-ston”)[2] at the time of the incident, was continuously bullied and harassed by other students while at school. Appellant con- . tends that despite reporting the ^bullying and harassment to the proper school personnel, neither Warren Easton nor Orleans Parish School Board (“OPSB”) took any action against the offending students. As a result of the May 21, 2011 incident, appellant filed suit on May 20, 2012 against *1196 a number of defendants, including OPSB, claiming that OPSB is liable for her daughter’s rape because it was negligent in preventing the bullying and harassment of its students, ensuring that a school crisis management plan was implemented, and properly supervising its students.
OPSB filed a motion for summary judgment on January 30, 2014, contending that appellants could not establish their burden of proof at trial. The trial court heard the motion on March 14, 2014 and found that no genuine issues of material fact existed as the rape happened off campus and no evidence was produced showing OPSB knew or should have known that the incident would occur. Accordingly, the trial court granted OPSB’s motion for summary judgment, dismissing them from the suit, while reserving appellants’ claims against the remaining defendants. It is from this ruling that appellants now appeal.
LAW AND ANALYSIS
Appellants’ first three assignments of error, which will be addressed together, pertain to whether the trial court erred in granting OPSB’s motion for summary judgment because discovery was ongoing, OPSB did not meet its burden of proof, and a reasonable jury could find OPSB liable. Appellants’ fourth and final assignment of error is whether the trial court erred in awarding costs to OPSB.
A. Trial Court Erred in Granting OPSB’s Motion for Summary Judgment
[LOn appeal, our review of summary judgment is de novo, using the same standard applied by the trial court in deciding whether summary judgment is appropriate. Francis v. Union Carbide Corp., 12-1397, pp. 2-3 (La.App. 4 Cir. 5/8/13), 116 So.3d 858, 860 (citing King v. Dialysis Clinic Inc., 04-2116, p. 5 (La.App. 4 Cir. 1/4/06), 923 So.2d 177, 180). Under that standard, a motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and affidavits show there is no genuine issue of material fact. La. C.C.P. art. 966(B)(2).[3] The burden of proof rests with the moving party and all doubts should be resolved in the non-moving party’s favor. Gailey v. Barnett, 12-0830, p. 4 (La.App. 4 Cir. 12/5/12), 106 So.3d 625, 627-28.
Once the mover establishes a prima facie showing that the motion should be granted, the non-moving party shall present evidence to demonstrate genuine material factual issues remain and failure to do so mandates the granting of the motion. Smith v. Treadaway, 13-0131, p. 4 (La.App. 4 Cir. 11/27/13), 129 So.3d 825, 828 (quoting Schultz v. Guoth, 10-0343, pp. 6-7 (La.1/19/11), 57 So.3d 1002, 1006); see also, La. C.C.P. art. 966(C)(2). An issue is genuine if reasonable persons could disagree. Treadaway, 13-0131, p. 4, 129 So.3d at 828 (citing Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751). Likewise, facts are material when they “insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute.” FMC Enterprises, L.L.C. v. Prytania-St. Mary Condominiums Ass’n, Inc., 12-1634, p. 6 65 (La.App. 4 Cir. 5/15/13), 117 So.3d 217, 222 (citing Our Lady of the Lake Hosp., Inc., 93-2512, p. 27, 639 So.2d at 751).

1. Ongoing Discovery

Appellants’ first assignment is that granting OPSB’s motion for summary *1197 judgment was premature because discovery was not complete. La. C.C.P. art. 966(C)(1) provides that a motion for summary judgment shall be granted if, “[ajfter adequate discovery or after a case is set for trial,” it “shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.” In applying that rule, this Court has expressly stated that:
The jurisprudence holds that the requirement is that summary judgment shall not be considered until adequate discovery is conducted; the requirement is not that discovery be completed. Stated otherwise, “our jurisprudence holds that while parties must be given fair opportunity to carry out discovery and present their claim, there is no absolute right to delay action on motion for summary judgment until discovery is complete.”
Thomas v. N. 40 Land Dev., Inc., 04-0610, p. 31 (La.App. 4 Cir. 1/26/05), 894 So.2d 1160, 1179 (quoting Butzman v. Louisiana Power and Light Co., 96-2073, p. 4 (La.App. 4 Cir. 4/30/97), 694 So.2d 514, 517).
This Court has further stated that, in regards to the application of La. C.C.P. 966, “[t]he only requirement is that the parties be given a fair opportunity to present their claim. Unless plaintiff shows a probable injustice a suit should not be delayed pending discovery when it appears at an early stage that there is no genuine issue of fact.” Orleans Parish Sch. Bd. v. Lexington Ins. Co., 12-1686, p. 30 (La.App. 4 Cir. 6/5/13), 118 So.3d 1203, 1223 (quoting Simoneaux v. E.I. duPont de Nemours and Co., 483 So.2d 908, 913 (La.1986)). Thus, granting a motion for summary judgment is premature only if particularized evidence is presented which show that disputed factual issues remain. See also Bass P’ship v. Fortmayer, 04-1438, p. 6 (La.App. 4 Cir. 3/9/05), 899 So.2d 68, 73 (“The mere contention of an opponent that he lacks sufficient information to defend the motion and that he needs additional time to conduct discovery is insufficient to defeat the motion.”) (citing Crocker v. Levy, 615 So.2d 918, 920 (La.App. 1 Cir.1993); Barron v. Webb, 29,707, p. 4 (La.App. 2 Cir. 8/20/97), 698 So.2d 727, 729-30).
Appellants claim they had outstanding discovery requests that were directly related to factual issues regarding OPSB’s prior knowledge of harassment at Warren Easton and OPSB’s conduct that may have contributed to appellant’s injuries. Appellants further assert the discovery was delayed because of the defendants, including OPSB, filing exceptions. Despite the foregoing contentions, appellants’ failure to complete discovery is not justifiable. Appellants have put forth nothing to show that efforts were made to locate potential witnesses or facilitate the production of documents. If the information was as critical as appellants would have this Court believe, appellants had ample opportunity to conduct discovery considering almost three years had passed between the time appellants filed their initial petition and the time OPSB filed its motion for summary judgment.
Appellants’ attempt to seek additional time to complete discovery now comes far too late. Regardless, it is mere speculation that these witnesses and written responses might shed light on OPSB’s knowledge, awareness, and supervision. Accordingly, we find the trial could did not abuse its discretion in ^determining that appellants had sufficient opportunity to conduct discovery. This assignment is without merit.

2. OPSB Failed to Meet its Burden of Proof

To maintain an action against a school board, a plaintiff must prove that *1198 the school board owed the student a duty. Here, appellant was a student at a charter school, which entails a different standard of liability. La. R.S. 17:3993(A) states: “The local school board and its members individually are immune from civil liability for any damages arising with respect to all activities related to the operation of any type of charter school they may authorize as a chartering authority, except as is otherwise specifically provided in a charter.”' Thus, La. R.S. 17:3993(A) grants the school board immunity in situations similar to the instant case, unless the underlying charter agreement provides an express exclusion.
Section 13.4.7 of the Charter Agreement between Warren Easton and OPSB, effective at the time of the incident, specifically acknowledged the school board’s immunity pursuant to La. R.S. 17:3993. However, Section 13.4.8 provided that “[t]his indemnification shall not apply to the extent that any claim, lien, demand, suit or liability arises from the sole negligence of wrongful act or omission of any OPSB Indemnitee.” Moreover, Section 10.1 granted OPSB oversight authority of Warren Easton, “to take all reasonable steps necessary to confirm that Charter School is and remains in material compliance with this Operating Agreement and applicable lav/.”
Appellants argue the rape was a result of OPSB’s sole negligence in not complying with the oversight provision, and thus, pursuant to Section 13.4.8, it is |7not immune from liability. In support of this argument, appellants assert that the affidavit appellees attached to their summary judgment motion from Bernard J. Bilbo, OPSB’s Director of Security,[4] is insufficient to prove that OPSB ensured that Warren Easton was in material compliance with the law and Charter Agreement provisions, a requirement of Section 10.1.
Appellants’ assertion that OPSB is liable for this reason is simply an unsubstantiated claim. OPSB had no prior notice that the rape was likely to occur and by all accounts, happened without warning. Appellant testified at her deposition that she did not know the boy who raped her and she had no interactions with him prior to the incident. While it is undeniable that this was an extremely tragic event, without any prior knowledge herself, there is no way that OPSB’s oversight could have prevented the incident from occurring. Thus, OPSB’s statutory immunity will not be overcome unless a duty was owed to appellant, the duty was breached, and the breach was solely because of OPSB’s negligence.
If a charter school board’s immunity is overcome, its duty is not indefinite as “the school board is not the insurer of the safety of the children, and constant supervision of all students is neither possible nor required.” S.J. v. Lafayette Parish Sch. Bd, 09-2195, p. 11 (La.7/6/10), 41 So.3d 1119, 1126 (citing Wallmuth v. Rapides Parish School Bd., 01-1779, p. 8 (La.4/3/02), 813 So.2d 341, 346). Furthermore, it is well established that a school board’s duty of reasonable supervision is limited to instances where the student is its custody or control. See Id. (finding no liability when a student was sexually attacked off school grounds, while walking home from school); B.L. v. Caddo Parish *1199 Sch. Bd., 46,557 (La.App. 2 Cir. 09/21/11), 73 So.3d 458 (finding no liability for sexual assault occurring after school hours and off campus); Williams v. Orleans Parish Sch. Bd., unpub., 07-0917 (La.App. 4 Cir. 1/23/08), 2008 WL 399353 (finding no liability where a student was stabbed and killed by another student after both students left school without permission); Huey v. Caldwell Parish Sch. Bd., 47,704 (La.App. 2 Cir. 1/16/03), 109 So.3d 924 (finding no liability where student was sexually assaulted off campus).
The location where appellant was raped remains undisputed. This unfortunate incident occurred off campus, at a private party not chaperoned or attended by anyone from OPSB, and after the end of the school year. When the evidence submitted leaves no relevant, genuine issue of fact such that reasonable minds must inevitably conclude that the mover is entitled to judgment on the facts before the court, a motion for summary judgment shall be granted. See Smith v. Casino New Orleans Casino, 12-0292, p. 6 (La.App. 4 Cir. 10/3/12), 101 So.3d 507, 511 (quoting Blacklege v. Font, 06-1092, p. 6 (La.App. 1 Cir. 3/23/07), 960 So.2d 99, 102). Thus, based on our de novo review of this record, we conclude that appellant will be unable to satisfy her burden of proof at trial because OPSB did not owe a duty to appellant under these particular facts. We find no genuine issues of fact remain and no merit to this argument.

3. Reasonable Jury Could find OPSB Liable to Plaintiffs

In their third assignment, appellants contend the trial court erred in granting appellee’s motion for summary judgment because a reasonable jury could have | cifound OPSB liable to appellants. Appellants go through the elements that must be established to prove a negligence claim in support of their argument that appellees have not satisfied that standard. However, having determined that appellees owed no duty to appellant at the time of the incident pretermits any discussion on this assignment. Thus, we find appellants’ assertion that granting appellee’s motion for summary judgment was improper for this reason is, without support, nothing more than a conclusory statement that lacks merit.
B. Trial Court Erred in Awarding Costs to OPSB
In their fourth and final assignment, appellants contend the trial court’s award of costs to OPSB was error. Appellants state that “OPSB should not have been awarded costs in the Judgment of Dismissal with prejudice because there was no equitable basis for the award,” but fail to provide any argument, authority, or facts to advance this assignment. Thus, appellants’ failure to properly brief this assignment renders it abandoned and without merit. State v. Clark, 01-2087, p. 12 (La.App. 4 Cir. 9/25/02), 828 So.2d 1173, 1181; State v. Mims, 97-1500, p. 59 (La.App. 4 Cir. 6/21/00), 769 So.2d 44, 80; see also Rule 2-12.4(B)(4) of the Uniform Rules of the Courts of Appeal.
DECREE
For the foregoing reasons, we find granting Orleans Parish School Board’s motion for summary judgment was not error. The trial court’s judgment is affirmed.
AFFIRMED.

. Traditionally, we protect the privacy of a rape victim, however, the trial court record provides the full name of tl|| minor child in the case caption and all pleadings.

. Warren Easton is chartered by Orleans Parish School Board,

. La. C.C.P. art. 966 was amended in 2013 and again in 2014. These amendments are not implicated in the issues presented in this appeal. See 2013 La. Acts No. 391, § 1, effective August 1, 2013, and 2014 La. Acts No. 187, § 1, effective August 1, 2014.

. In essence, Mr. Bilbo’s affidavit states that: he reviewed and approved Warren Easton’s emergency plan for the 2010-2011 school year, he investigates reports of bullying lodged through OPSB’s website, no reports by appellant have ever been received while she attended Warren Easton, and no reports exist prior to or after the incident in question that would have put OPSB on notice that appellant had been or was at risk of being bullied or harassed by other students.