| | | |
|---|---|---|
| **CHRISTOPHER J. FRAINO, SR.** | * | **NO. 2022-CA-0361** |
| | * | |
| **VERSUS** | | **COURT OF APPEAL** |
| | * | |
| **MALACHI S. HULL AND DEFINE YOUR IMAGE, LLC** | * | **FOURTH CIRCUIT** |
| | | **STATE OF LOUISIANA** |

**\* \* \* \* \* \* \***

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-03669, DIVISION "J"
Honorable D. Nicole Sheppard,
**\* \* \* \* \* \***
**Judge Sandra Cabrina Jenkins**
**\* \* \* \* \* \***

(Court composed of Judge Daniel L. Dysart, Judge Sandra Cabrina Jenkins, Judge Rachael D. Johnson)

Robert G. Harvey, Sr.
LAW OFFICE OF ROBERT G. HARVEY, SR., APLC
600 North Carrollton Avenue
New Orleans, LA 70119

      COUNSEL FOR PLAINTIFF/APPELLEE


Jonathan D. Lewis
Daniel E. Davillier
Charles Ferrier Zimmer, II
DAVILLER LAW GROUP, LLC
935 Gravier Street, Suite 1702
New Orleans, LA 70112

      COUNSEL FOR DEFENDANT/APPELLANT


                **REVERSED AND REMANDED**
                **DECEMBER 29, 2022**

SCJ
DLD
RDJ

Appellants, Malachi S. Hull and Design Your Image, LLC (collectively "Mr. Hull") appeal the trial court's March 14, 2022 judgment, which granted Appellee, Christopher J. Fraino, Sr.'s motion for summary judgment, and dismissed the appellants' reconventional demand with prejudice. For the reasons to follow, we reverse the trial court's judgment and remand this matter for further proceedings.

**FACTUAL AND PROCEDURAL BACKGROUND**

In March of 2017, Mr. Hull and Mr. Fraino allegedly made an oral agreement to jointly pursue a contract with the City of New Orleans (the "City") for junk vehicle evaluation and disposal services. Mid-City, Mr. Fraino's company would earn sixty-five percent of the revenue and Mr. Hull would earn thirty-five percent. To obtain a contract with the City a Disadvantaged Business Enterprise ("DBE") participant was required. The City DBE compliance form provided that Mr. Fraino was the bidder and listed Mr. Hull as a DBE participant with a thirty-five percent DBE utilization.

On July 13, 2017, Mr. Hull attended the Request for Proposal ("RFP") bid presentation on behalf of Mr. Fraino and Mid City. On September 28, 2016, Mid

1

City was awarded the contract. On October 31, 2017, Mid City invoiced the City $51,083.96. Mr. Hull did not receive compensation for the performance on the contract.

On April 13, 2018, Mr. Fraino filed a petition for declaratory judgment against Mr. Hull, alleging that Mr. Fraino and Mr. Hull never had an oral partnership agreement or any other contract together. Thereafter, on May 23, 2018, Mr. Hull filed his answer and reconventional demand. On January 7, 2022, Mr. Fraino filed a motion for summary judgment asserting a lack of genuine issue of material fact as to the formation of an oral joint partnership agreement between the parties. Mr. Hull filed opposition to the motion, asserting that the parties agreed to jointly pursue a contract with the City for junk vehicle evaluation and disposal services. Mr. Fraino filed a subsequent motion to strike Mr. Hull's affidavit and exhibits. Mr. Hull opposed the motion to strike.

The trial court held a hearing on the motion for summary judgment and motion to strike on February 16, 2022. During the hearing, the trial court sustained Mr. Fraino's objection to Mr. Hull's affidavit and exhibits. On February 25, 2022, the trial court signed a judgment granting Mr. Fraino's motion for summary judgment. On March 4, 2022, Mr. Hull filed a motion for new trial. On the same date, the trial court denied the motion for new trial. Thereafter, the trial court issued an amended judgment on March 14, 2022 to include language that Mr. Hull's reconventional demand was dismissed with prejudice. On March 22, 2022, Mr. Hull filed a motion for devolutive appeal. This appeal timely follows.

**DISCUSSION**

Mr. Hull argues that the trial court erred in granting the motion to strike and motion for summary judgment in favor of Mr. Fraino. Mr. Hull asserts two assignments of error:

1. The trial court erred as a matter of law by striking as hearsay the entirety of admissible affidavit testimony and authenticated documentation submitted by Mr. Hull in support of his opposition to the motion for summary judgment.

2. The trial court erred by weighing the evidence and finding Mr. Hull's evidence insufficient to convince the court that there was an agreement to share profits.

We begin our discussion by addressing the motion to strike.

**Motion to Strike**

Mr. Hull argues that his affidavit and attached exhibits were admissible and sufficient pursuant to La. C.C.P. arts. 966(A)(4) and 967. Mr. Hull further argues that his affidavit testimony regards his personal experiences in forming and performing the contract between him and Mr. Fraino.

Motions to strike are governed by La. C.C.P. art. 964, which states, "[t]he court on motion of a party or on its own motion may at any time and after a hearing order stricken from any pleading any insufficient demand or defense or any redundant, immaterial, impertinent, or scandalous matter." "A motion to strike is a means of cleaning up the pleadings, not a means of eliminating causes of actions or substantive allegations." *Tran v. Collins*, 2020-0246, p. 7 (La. App. 4 Cir. 8/20/21), 326 So.3d 1274, 1280 (*quoting Hazelwood Farm, Inc. v. Liberty Oil & Gas Corp.*, 2001-0345, pp. 7-8 (La. App. 3 Cir. 6/20/01), 790 So.2d 93, 98).

La. C.C.P. art. 966(A)(4) provides in pertinent part that "[t]he only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified

3

medical records, written stipulations, and admissions." La. C.C.P. art. 967(A)provides that affidavits introduced in support of a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." La. C.E. art. 801(D) provides that "hearsay" is "a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted."

A trial court is given vast discretion in its ruling on the admissibility of evidence, including whether or not witness testimony is relevant and admissible.

In *FIE, LLC v. New Jax Condo Ass'n, Inc.*, 2016-0843, p. 31 (La. App. 4 Cir. 2/21/18), 241 So.3d 372, 395, *writ denied*, 2018-449 (La. 5/25/18), 243 So.3d 544, and writ denied, 2018-446 (La. 5/25/18); 243 So.3d 545 (citations omitted), this Court stated:

> The trial court is vested with great discretion concerning the admissibility of evidence, and the trial court's decision to admit or exclude evidence will not be reversed on appeal in the absence of a clear abuse of discretion.

Thus, "[w]e will not overturn a trial court's ruling on the admissibility of evidence unless that ruling is clearly wrong or we find that the trial court has committed an abuse of discretion in so ruling. *Wright v. Gotte*, 2008-174, p. 3 (La. App. 3 Cir. 12/10/08), 1 So.3d 700, 703, *writ denied*, 2009-0060 (La. 3/6/09), 3 So.3d 489.

A review of the February 16, 2022 hearing transcript reveals that the trial court did not entertain Mr. Fraino's motion to strike based on the acknowledgment that the motion to strike was not properly before the court. However, we note that

4

the trial court sustained Mr. Fraino's objection to Mr. Hull's affidavit as hearsay.[1] A review of the affidavit reveals that it is being presented by Mr. Hull to prove that 1) there was a joint effort between Mr. Hull and Mr. Fraino to procure and perform a contract with the City, 2) Mr. Hull prepared and signed DBE compliance documents, 3) the City emailed Mr. Fraino and Mr. Hull on various occasions, and 4) the City paid Mr. Fraino and Mid City for the services and Mr. Hull did not receive his share of the revenue. Accordingly, we find that the trial court abused its discretion in sustaining the objection of the affidavit in its entirety, as an affidavit may be filed in opposition to a motion for summary judgment and the statements contained therein are not hearsay because they are based on Mr. Hull's personal knowledge.

**Motion for Summary Judgment**

An appellate court reviews summary judgments under the *de novo* standard of review, using the same standard applied by the trial court in deciding the motion for summary judgment; as a result, we are not required to analyze the facts and evidence with deference to the judgment of the trial court or its reasons for judgment. *Precept Credit Opportunities Fund, L.P. v. Elmore*, 2021-0502, p. 3 (La. App. 4 Cir. 4/20/22), 338 So.3d 87, 89-90 (citing *Smith v. State*, 2018-0197, p. 3 (La. App. 4 Cir. 1/9/19), 262 So.3d 977, 980). Therefore, "[a]fter an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." *Precept Credit Opportunities Fund, L.P.*, 2021-0502, p. 3, 338 So.3d at 90

---

[1] La. C.E. art. 801(C) provides that "'hearsay' is a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted."

(citing La. C.C.P. art. 966(A)(3)). "In determining whether an issue is genuine, courts cannot consider the merits, make credibility determinations, evaluate testimony, or weigh evidence." *Lewis v. Jazz Casino Co.*, L.L.C., 2017-0935, p. 6 (La. App. 4 Cir. 4/26/18), 245 So.3d 68, 72 (citing *Fiveash v. Pat O'brien's Bar, Inc.*, 2015-1230, p. 7 (La. App. 4 Cir. 9/14/16), 201 So.3d 912, 917).

"The only documents that may be filed in support or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions." La. C.C.P. art. 966(A)(4). "In meeting the burden of proof, unsworn or unverified documents, such as letters or reports are not self-proving and will not be considered; attaching such documents to a motion for summary judgment does not transform them into competent summary judgment evidence." *May v. Carson*, 2021-1156, p. 8 (La. App. 1 Cir. 8/2/22), 348 So.3d 88, 93, reh'g denied (Aug. 16, 2022), *writ denied*, 2022-01394 (La. 11/22/22).

"The burden of proof rests with the moving party and all doubts should be resolved in the non-moving party's favor." *Hayes v. Sheraton Operating Corp.*, 2014-0675, p. 3 (La. App. 4 Cir. 12/10/14); 156 So.3d 1193, 1196 (citing *Gailey v. Barnett*, 2012–0830, p. 4 (La. App. 4 Cir. 12/5/12), 106 So.3d 625, 627–28. Therefore, any doubt regarding a material issue of fact "must be resolved against granting the motion and in favor of a trial on the merits." *FMC Enterprises , L.L.C. v. Prytania-St. Mary Condominiums Ass'n, Inc.*, 2012-1634, pp. 6-7 (La. App. 4 Cir. 5/15/13), 117 So.3d 217, 222-223 (citing *Windham v. Murray*, 2006-1275, p.3 (La. App. 4 Cir. 5/30/07), 960 So.2d 328, 331).

In the instant matter, Mr. Fraino's motion for summary judgment asserts that there is no genuine issue of material fact that Mr. Hull never had a contract with

him to be the DBE contractor under Mid City's towing contract with the City. In order to carry his burden of proof on the motion for summary judgment, Mr. Fraino must point out the absence of factual support for one or more of the elements essential to Mr. Hull's claim. *See* La. C.C.P. art. 966(D)(1).

Our Supreme Court has set forth three criteria for establishing an oral commercial partnership agreement:

> 1) the parties must have mutually consented to form a partnership and to participate in the profits which may accrue from property, skill or industry, furnished to the business in determined proportions by them; 2) all parties must share in the losses as well as the profits of the venture; and 3) the property or stock of the enterprise must form a community of goods in which each party has a proprietary interest.

*Sacco v. Paxton*, 2012-1595, p. 6 (La. App. 4 Cir. 1/30/14), 133 So.3d 213, 217, *writ denied*, 2014-0444 (La. 4/17/14), 138 So.3d 628 (citing *Darden v. Cox*, 240 La. 310, 123 So.2d 68, 71 (1960)).

In support of his motion for summary judgment, Mr. Fraino submitted his affidavit and deposition; Mr. Hull's deposition; July 1, 2016 letter from State and Local Disadvantage Business Enterprise Program; Department of Transportation and Development ("DOTD") Letter to Define Your Image; Professional Services Agreement between the City of New Orleans and Mid City; and the DBE Responsiveness forms. In the affidavit, Mr. Fraino attests that he is the sole member of Mid City, Mr. Hull offered to help him with the bid and he forwarded emails to Mr. Hull regarding the contract, and he put Mr. Hull on the DBE for the bid merely to obtain the contract. The DOTD letter reflects that Mr. Hull's firm is certified as a DBE for administrative management and general management consulting services. Mr. Fraino also relied on the deposition of Mr. Hull to support his contention that Mr. Hull was not qualified to serve as a DBE contractor under

7

the contract with the City. Mr. Hull's deposition testimony provides that he did not have any tow trucks and his job consisted of administrative and managerial role.

In opposition to the motion for summary judgment, Mr. Hull argued that there is a genuine issue of material fact as to the formation of the joint venture. In his affidavit, Mr. Hull attested that in March of 2017, he and Mr. Fraino agreed to enter into a partnership to pursue a contract with the City. He further attested that he developed invoices and worked on managerial aspects of the contract.

We note that in his petition for declaratory judgment, Mr. Fraino conceded that Mr. Hull made a presentation on his and Mid City's behalf at a City committee which was considering the bids on the RFP. As previously mentioned, Mr. Fraino attested that he added Mr. Hull has a DBE to obtain the contract. While Mr. Fraino argued that there was no joint venture because Mr. Hull did not share in the losses of the venture, "[o]ur courts have recognized that an agreement to share losses may be implied from an agreement to share profits." *Sacco*, 2012-1595, p. 12, 133 So.3d at 221 (citing *Riddle v. Simmons*, 40,000, p. 31 (La. App. 2 Cir. 2/16/06), 922 So.2d 1267, 1287).

From our *de novo* review, we find that this matter involves factual issues which center on whether a joint venture existed between Mr. Fraino and Mr. Hull. As such, we find that summary judgment was inappropriate, as genuine issues of material fact exist with regard to the existence of an oral agreement to jointly pursue a contract with the City and whether Mr. Hull was gratuitously assisting Mr. Fraino with the contract. A resolution of these issues require the trial court to weigh the conflicting factual evidence and to make credibility determinations. *See Dhaliwal v. Dhaliwal*, 48,034, p. 18 (La. App. 2 Cir. 9/11/13), 124 So.3d 470, 481.

**CONCLUSION**

For the foregoing reasons, we find that the trial court abused its discretion in sustaining Mr. Fraino's objection to Mr. Hull's affidavit, and we reverse the trial court's March 14, 2022 judgment granting Mr. Fraino's motion for summary judgment, and we remand this matter to the trial court for further proceedings.

**REVERSED AND REMANDED**