BERNIE JOHNSON

VERSUS

CONSOLIDATED SEWERAGE DISTRICT #1
OF THE PARISH OF JEFFERSON, STATE OF
LOUISIANA, THE STATE OF LOUISIANA,
DEPARTMENT OF TRANSPORTATION AND
DEVELOPMENT AND CANNON COCHRAN
MANAGEMENT SERVICES, INC.

NO. 23-CA-498

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 813-615, DIVISION "L"
HONORABLE DONALD A. ROWAN, JR., JUDGE PRESIDING

May 01, 2024

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Stephen J. Windhorst

**AFFIRMED**
 **SJW**
 **FHW**
 **JGG**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
BERNIE JOHNSON
	Rosalyn Ruffin Duley

COUNSEL FOR DEFENDANT/APPELLEE,
THE PARISH OF JEFFERSON, ON BEHALF OF CONSOLIDATED
SEWERAGE DISTRICT #1 OF THE PARISH OF JEFFERSON, STATE OF
LOUISIANA
	Charles M. Pisano
	Richard L. Seelman
	Sydney R. Cunningham

**WINDHORST, J.**

Plaintiff/appellant, Bernie Johnson, appeals the trial court's July 25, 2023 judgment granting the motion for summary judgment filed by defendant/appellee, Consolidated Sewerage District # 1 of the Parish of Jefferson (the "Parish"), and dismissing plaintiff's claim against it. We affirm the trial court's judgment.

**PROCEDURAL HISTORY and FACTS**

Plaintiff, Bernie Johnson, filed a petition for damages against the Parish, the State of Louisiana, Department of Transportation and Development, and Cannon Cochran Management ("Cannon") on January 5, 2021. Therein, plaintiff alleged he fell into an improperly maintained "drainage/sewerage system access" (a "manhole") located in a parking lot off of Jefferson Highway in River Ridge, Louisiana, on March 20, 2020, and was lodged in the manhole up to his hips. As a result of this fall, plaintiff claimed he suffered injuries, requiring medical treatment.

Plaintiff asserted the manhole lacked a proper cover, creating an unreasonable risk of harm. Plaintiff alleged the manhole was in defendants' care and custody, and they knew or should have known of the unreasonable risk of harm. Plaintiff also alleged defendants failed to exercise reasonable care, which legally and proximately caused his damages.

Plaintiff was deposed on February 21, 2022, during which he testified the incident occurred as follows. Just prior to his fall, plaintiff was exiting River Ridge Hardware and returning to his vehicle, a pickup truck. He was looking at his receipt for the items he had just purchased, and opened a side compartment on his truck bed into which he intended to put his purchases. Upon opening the compartment, plaintiff claimed he stepped backwards onto the manhole cover, which was allegedly not sitting "flush" on the manhole, and fell into the manhole itself.

The Parish filed a motion for summary judgment on March 21, 2023, asserting that plaintiff could not meet his burden of proving the essential elements of his claim

and, as a result, no genuine issues of material fact exist, thereby entitling the Parish to summary judgment.

In its motion for summary judgment, the Parish first argued that there was no factual support to establish the Parish had actual or constructive knowledge the manhole cover was defective or posed an unreasonable risk of harm. Second, the Parish argued that the manhole cover did not present an unreasonable risk of harm because the manhole was open and obvious. In support of this argument, the Parish relied on the fact that the manhole cover was spray painted with orange or red markings, as shown by the photographs. Third, the Parish asserted it was not responsible for plaintiff's fall because plaintiff failed to exercise reasonable care by not paying attention when he fell.

The Parish attached the following exhibits to its motion:

**Exhibit A** – Excerpts from plaintiff's deposition stating the circumstances before his fall, including identification of the photographs in Exhibit D.

**Exhibit B** – The Parish's answers to interrogatories indicating that, three days after the alleged incident, a Parish employee inspected the manhole and found nothing unusual about it. The answers also stated that the Parish does not have a program in place to regularly inspect the thousands of manholes in Jefferson Parish, and that if there is a problem with one, work is documented in the Parish work order system. The answers indicated that there were no prior work orders for the manhole cover at issue, and that the Parish was not aware of any prior events or injuries involving this manhole cover.

**Exhibit C** – Affidavit of the Assistant Director of Sewerage for the Jefferson Parish Sewerage Department testifying that he can access all complaints made to the Sewerage Department. He testified that upon review of the complaints made one year prior to the March 20, 2020 incident, he found no complaints regarding the manhole cover at issue.

**Exhibit D** – Photographs taken by plaintiff of the manhole cover, identified in Exhibit A.

In opposition to the Parish's motion for summary judgment, plaintiff argued the motion was premature, as discovery remained ongoing. Plaintiff stated that he has outstanding discovery requests and that, on June 20, 2023, he asked to take the deposition of the Parish employee identified in the discovery responses, who

inspected the manhole cover three days after the alleged incident. Plaintiff argued that the Parish employee's deposition may reveal an inspection of the manhole cover before plaintiff's fall and/or information the Parish knew or should have known that rocks and debris prevented the manhole cover from laying flush.

Plaintiff also argued that the defective manhole cover in this case cannot constitute an open and obvious hazard because there was nothing to warn plaintiff the manhole cover would cave in on him.

As proof of ongoing discovery, plaintiff attached to his opposition an affidavit from his attorney testifying that on June 20, 2023, he had requested to take the deposition of a Parish employee regarding the inspection and/or activity surrounding the sewer manhole at issue on March 20, 2020, as well as a second set of interrogatories propounded on the Parish on June 21, 2023. Plaintiff also attached excerpts from his deposition.

The Parish filed a reply memorandum to plaintiff's opposition, contending plaintiff had adequate opportunity to complete discovery, and was using the recent discovery requests as a delay tactic. With regard to the requested deposition, the Parish asserted that plaintiff learned of this employee as early as October 2022, but made no attempt to depose him until June of 2023, three months after the Parish filed its motion for summary judgment.

In its reply, the Parish also pointed out that plaintiff ignored its argument the manhole cover was an open and obvious hazard due to the bright contrasting color spray painted on the cover, making it readily apparent to all who encountered it. The Parish further contended that if plaintiff had been paying attention and had been aware of his surroundings, he would have easily seen the manhole cover.

The summary judgment hearing was initially set for May 15, 2023, but on plaintiff counsel's motion, the hearing was continued until July 10, 2023. At the hearing, plaintiff's arguments focused heavily on the fact that discovery was

ongoing, and that the discovery cutoff date had not passed. The Parish reiterated that plaintiff has had ample time to complete discovery, and that, by setting the case for trial, plaintiff indicated to the court discovery was complete. After hearing argument, the trial court granted the Parish's motion for summary judgment without specifying reasons. This appeal followed.

**LAW and ANALYSIS**

On appeal, plaintiff asserts that the trial court abused its discretion in granting summary judgment in that the discovery cutoff deadline had not passed and plaintiff had outstanding discovery requests propounded on the Parish. Plaintiff also asserts the trial court erred in granting summary judgment because genuine issues of material fact exist as to whether the Parish had actual or constructive knowledge that the manhole cover was defective and/or that an alleged defect created an unreasonable risk of harm.

A defendant may file a motion for summary judgment at any time after an answer has been filed. La. C.C.P. art. 966 A(1). The court shall grant a motion for summary judgment if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 A(3).

The initial burden is on the mover to show that no genuine issue of material fact exists. La. C.C.P. art. 966 D(1); Creager v. Marrero Land & Improvement Ass'n Ltd., 21-322 (La. App. 5 Cir. 2/23/22), 362 So.3d 696, 700. If the moving party will not bear the burden of proof at trial, the moving party is only required to point out the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Id. The adverse party must then produce factual support to establish that he will be able to satisfy his evidentiary burden of proof at trial. Rhodes v. AMKO Fence & Steel Co., LLC, 21-19 (La. App. 5 Cir. 10/28/21),

329 So.3d 1112, 1117. If the adverse party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. Id.

We review the denial of a motion for summary judgment *de novo*. Robinson v. Otis Condominium Ass'n, Inc., 20-359 (La. App. 5 Cir. 2/3/21), 315 So.3d 356, 361, writ denied, 21-343 (La. 4/27/21), 314 So.3d 837. Under this standard, we use the same criteria as the trial court in determining if summary judgment is appropriate: whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. Davis v. Consol. Rd. Dist. A for Par. of Jefferson, 22-240 (La. App. 5 Cir. 10/5/22), 355 So.3d 1, 5.

### *Proof Required for Liability under La. R.S. 9:2800*

A public entity is responsible under Civil Code Article 2317 for damages caused by the condition of buildings within its care and custody. La. R.S. 9:2800 A. No person shall have a cause of action solely under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless (1) the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and (2) the public entity had a reasonable opportunity to remedy the defect and failed to do so. La. R.S. 9:2800 C. Constructive notice requires the existence of facts which infer actual knowledge. La. R.S. 9:2800 D.

In order to establish liability under La. R.S. 9:2800, the Louisiana Supreme Court has held that a plaintiff must prove: "(1) custody or ownership of the defective thing by the public entity; (2) the defect created an unreasonable risk of harm; (3) the public entity had actual or constructive notice of the defect; (4) the public entity failed to take corrective action within a reasonable time; and (5) causation." Chambers v. Village of Moreauville, 11-898 (La. 1/24/12), 85 So.3d 593, 597. The failure to establish any one of the elements will defeat a claim under La. R.S. 9:2800 against a public entity. Tanner v. Lafayette City-Par. Consol. Gov't, 18-900 (La.

App. 3 Cir. 5/22/19), 273 So.3d 382, 384. The absence of a plan of inspection in no way shows or implies that an employee of the appropriate public entity has actual knowledge of a dangerous defect or condition. Jones v. Hawkins, 98-1259 (La. 3/19/99), 731 So.2d 216, 220.

### *Actual or Constructive Knowledge*

The specific issue here is whether a genuine issue of material fact exists as to whether the Parish had actual or constructive knowledge of a defect in the manhole cover.

In support of the Parish's assertion that plaintiff could not prove actual or constructive knowledge, it attached its responses to plaintiff's interrogatories indicating that: (1) three days after the alleged incident, a Parish employee inspected the manhole and found nothing unusual about it; (2) the Parish had no prior work orders for the manhole cover at issue; and (3) the Parish had no record of any reported events or injuries involving this manhole cover. The Parish also indicated in its answers that it does not have a program in place to regularly inspect the thousands of manholes in Jefferson Parish, and that if there is a problem with a manhole cover, work is documented in the Parish's work order system. In its motion, the Parish further relied upon an affidavit of the Assistant Director of Sewerage for the Jefferson Parish Sewerage Department testifying that he can access all complaints made to the Parish and that upon review of the complaints made one year prior to the March 20, 2020 incident, he found no complaints regarding the manhole cover at issue.

Based on the foregoing, we find that the Parish has pointed out an absence of factual support to prove it had actual or constructive notice that the manhole cover in question had any defective condition. The burden therefore shifted to plaintiff to establish the existence of a genuine issue of material fact, or that the Parish is not entitled to judgment as a matter of law.

On appeal, plaintiff asserts that the affidavit and exhibits submitted by the Parish reveal that "reasonable persons could disagree as to whether the sewer manhole presented a risk of harm, especially with it being in a parking lot filled with rocks and stoney [sic] debris." However, despite that plaintiff's case has been pending since January 2021, plaintiff cannot point to any evidence to show the Parish had any actual or constructive notice that this manhole cover had any existing defective condition.

In a similar case, Tanner v. Lafayette City-Parish Consolidated Government, 18-900 (La. App. 3 Cir. 5/22/19), 273 So.3d 382, the plaintiff asserted a claim under La. R.S. 9:2800 against the City of Lafayette (the "City"), alleging she stepped on a manhole cover that popped up, causing her injuries. The trial court granted the City's motion for summary judgment based on the lack of evidence the City had actual or constructive knowledge of any defects with the manhole cover. On appeal, the appellate court first observed that the City's failure to have a plan for periodic inspections did not impute constructive notice. Id. at 386. In addition, there was no evidence of a report before the accident at issue of the manhole cover being displaced. Id. An inspection after the plaintiff's incident also revealed no issues. Id. The appellate court affirmed the judgment granting summary judgment in favor of the City. Id.

Also, in Polk v. City of Alexandria, 23-613 (La. App. 3 Cir. 2/14/24), — So.3d —, a manhole cover broke when the plaintiff stepped on it, causing his leg to fall in the manhole. Similar to the case here, on summary judgment, the City attached an affidavit of its Superintendent of Water Operations, testifying that the City had not received any reports of a defect in the manhole cover in question, and there were no documented complaints prior to the alleged accident. A crew supervisor for the City reiterated the Superintendent's statements and also stated that he had inspected the manhole on the day of the accident after it occurred and did not find any broken or

cracked pieces of the cover in the manhole. The trial court granted the City's motion for summary judgment based on the lack of evidence the City had actual or constructive knowledge of any defects with the manhole cover. The appellate court affirmed the trial court's judgment.

Similar to the Tanner and Polk cases, *supra*, plaintiff here has failed to present factual support showing that a genuine issue of material fact exists as to whether the Parish had actual or constructive notice the manhole cover in question was defective before his accident. We therefore find the trial court properly granted summary judgment in favor of the Parish and dismissed plaintiff's claim against the Parish with prejudice.

### *Adequate Discovery*

Plaintiff argues that the trial court erred in granting summary judgment because discovery is incomplete. Plaintiff states that he has not yet taken the deposition of the employee who inspected the manhole soon after the accident, and that he is awaiting responses from the Parish to his second set of interrogatories. Plaintiff, however, did not request a continuance of the July 10, 2023 summary judgment hearing.

La. C.C.P. art. 966 A(3) requires that summary judgment shall be granted only "[a]fter an opportunity for adequate discovery." Louisiana jurisprudence holds that parties must be given a fair opportunity to carry out discovery, but there is no requirement that summary judgment be delayed until discovery is complete. Davis v. Riverside Ct. Condo. Ass'n Phase II, Inc., 14-0023 (La. App. 4 Cir. 11/12/14), 154 So.3d 643, 654; Thomas v. North 40 Land Development, Inc., 04-610 (La. App. 4 Cir. 1/6/05), 894 So.2d 1160, 1179. The Louisiana Supreme Court has stated, "[t]he only requirement is that the parties be given a fair opportunity to present their claim. Unless plaintiff shows a probable injustice, a suit should not be delayed pending discovery when it appears at an early stage that there is no genuine issue of

fact." Simoneaux v. E.I. du Pont de Nemours and Co., 483 So.2d 908, 913 (La. 1986), Davis, 154 So.3d at 654. The granting of a motion for summary judgment is premature only if particularized evidence is presented which shows that disputed factual issues remain. Hayes v. Sheraton Operating Corp., 14-0675 (La. App. 4 Cir. 12/10/14), 156 So.3d 1193, 1197; Bass P'ship v. Fortmayer, 04-1438 (La. App. 4 Cir. 3/9/05), 899 So.2d 68, 73. "The mere contention of an opponent that he lacks sufficient information to defend the motion and that he needs additional time to conduct discovery is insufficient to defeat the motion." Id.

A trial court's determination that a plaintiff has had sufficient opportunity to conduct discovery is subject to an abuse of discretion standard. Hayes, 156 So.3d at 1197.

We find no evidence showing that plaintiff has not been afforded a fair opportunity to carry out discovery and present her claim. Plaintiff filed suit on January 5, 2021, and an amended petition on July 23, 2021. The parties took plaintiff's deposition on February 21, 2022, and the Parish answered plaintiff's interrogatories on October 28, 2022. Plaintiff waited approximately eight months after receiving the Parish's answers and learning the identity of an employee who inspected the manhole at issue to request the employee's deposition.

Plaintiff had over two years to conduct discovery. Only one month remained in the discovery period when the summary judgment hearing took place. Plaintiff waited until the day after he filed his opposition to pursue additional discovery. Plaintiff's attempt to seek additional time to complete discovery now comes far too late. Regardless, it is mere speculation that this witness and these written responses might shed light on the Parish's knowledge or awareness of an alleged defect in the manhole cover at issue. Accordingly, we find the trial could did not abuse its discretion in considering and granting the Parish's motion for summary judgment despite plaintiff's assertion that additional discovery was necessary.

**DECREE**

For the foregoing reasons, we affirm the trial court's July 25, 2023 judgment, granting the Parish's motion for summary judgment and dismissing plaintiff's claim against it.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **MAY 1, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-CA-498

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DONALD A. ROWAN, JR. (DISTRICT JUDGE)
ROSALYN RUFFIN DULEY (APPELLANT)          SYDNEY R. CUNNINGHAM (APPELLEE)

### MAILED
CHARLES M. PISANO (APPELLEE)
RICHARD L. SEELMAN (APPELLEE)
ATTORNEYS AT LAW
1555 POYDRAS STREET
SUITE 1700
NEW ORLEANS, LA 70112